(October 30, 1899.)

## STATE v. MULKEY.

[59 Pac. 17.]

ACT TO PROHIBITING GAMBLING CONSTRUED.—The act of February 6, 1899, known as the anti-gambling act, held valid. When the defendant in a criminal action attacks certain sections of an act as violative of the constitution, and it does not appear from the record that any of his rights affected by said sections were involved on the trial, or by the judgment, there remaining (should the sections so attacked be eliminated) sufficient to constitute a valid act that supports the judgment, the court will not pass on the validity of the sections so attacked.

(Syllabus by the court.)

APPEAL from District Court, Idaho County.

James W. Reid, for Appellant.

Said act was not passed by the legislature of the state of Idaho, as provided and required by the constitution of the state of Idaho. (*Cohn v. Kingsley*, 5 Idaho, 416, 49 Pac. 985; *Ex parte Ah Yem*, 53 Cal. 246; *State v. Carr*, 6 Or. 133 425; *Trimble v. State* 27 Ark. 355; *State v. Melville*, 11 R. I. 417; Const.,

art. 1, sec. 13; art. 17, sec. 1; *Ieck v. Anderson,* 57 Cal. 251, 40 Am. Rep. 115.)

S. H. Hays, Attorney General, for the State.

The title of this act is sufficient. (*State v. Doherty,* 3 Idaho, 384, 29 Pac. 855.) Neither bad grammar or bad English will defeat the operation of the statute. (23 Am. & Eng. Ency. of Law, 369.) It does not appear that in the passage of the act there were any other defects, hence *Cohn v. Kingsley,* 5 Idaho, 416, 49 Pac. 985, does not apply. It is contended that sections 1 and 2 of the act fix no maximum punishment and therefore are of no effect. Such is not the case. Section 6313 of the Revised Statutes provides a maximum punishment in case of misdemeanors not otherwise provided for. The act would not be invalid even in the absence of such provision. (*Martin v. Johnson,* 11 Tex. Civ. App. 628, 33 S. W. 306.)

QUARLES, J.—The appellant was charged with the offense of gambling, by criminal complaint, in the probate court of Idaho county and was tried and convicted; whereupon he appealed to the district court, was again tried, and convicted; and from the judgment of conviction in said district court he has appealed to this court.

The errors assigned by appellant are as follows: "1. That the act under the provisions whereof this action is prosecuted, entitled 'An act to prohibit gambling and to provide for the punishment thereof and for other purposes,' approved February 6, 1899, is unconstitutional and void as to sections 4, 5, 6, 7 and 8 thereof, for that the subject of said act as set out in the title thereof is not embraced in the title of said bill. 2. That the said act as engrossed is different from said act as printed by order of the House of Representatives, and no reported printed amendment shows any change before passing the House of Representatives. 3. That sections 1 and 2 of said act require no maximum punishment. 4. That section 4 of said act violates section 13, article 1, of the constitution of the state of Idaho, which declares that no person shall be deprived of property without due process of law. 5. That section 5 of said act is uncon-

stitutional, in this: that it is in conflict with section 17 of article 1 of the constitution of the state of Idaho, which provides as follows: The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated, and no warrant shall issue without probable cause shown by affidavit particularly describing the place to be searched and the person or thing to be seized.' 6. That section 7 of said act is unconstitutional, in this: that it is in conflict with section 13, article 1, of the constitution of the state of Idaho. 7. That the facts stated in the said complaint do not constitute a public offense. 8. That the said act was not passed by the legislature of the state of Idaho as provided and required by the constitution of the state of Idaho."

The act in question, known as the "Anti-gambling Act," is found at pages 389, 390 of Session Laws of 1899. The record before us does not contain any of the evidence introduced at the trial, except a duly certified transcript of the House and Senate journals relating to the passage of said act by the legislature. The record before us shows that the defendant was convicted upon a specific charge of conducting a game played with cards, to wit, a game of "faro." It does not appear that any of his property was seized or destroyed; hence, it is unnecessary to pass upon the validity of sections 4, 5, 6, 7, and 8 of said act. If said sections be void (which we seriously doubt), as claimed by the appellant, the remaining sections would, under the provisions of section 16, article 3, of the constitution, be valid, if constitutionally passed; as, eliminating these five sections, there would remain sufficient to constitute a valid act which would support the judgment of conviction. This disposes of appellant's first, fourth and fifth assignments of error.

Touching the second assignment of error, an inspection of the record shows that it is based upon the idea that the engrossed bill is different from the printed bill. This contention is not sustained by the record. The legislative journals, as shown by the transcript, do not set forth the printed bill but do show that the bill was printed. The journal of the Senate also shows that one of the senators who opposed the passage of the bill claimed that the bill was not correctly printed, for the reason that the

word "testifying," in section 7, appeared as "testimony" in the printed bill. The Senate did not take this view of the matter. Upon the record before us the presumption is that the bill was correctly printed, and this assignment of error is not sustained.

There is nothing in the third assignment of error. The act in question fixes the minimum punishment, but does not fix the maximum. Section 1 of said act makes the offense a misdemeanor. Section 6313 of the Revised Statutes, is as follows: "Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor, is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding three hundred dollars or by both." Reading the act in question with said section 6313 of the Revised Statutes, both the maximum and minimum punishments are provided. There is no constitutional objection to the fixing of the minimum punishment only by the legislature in a particular statute.

The sixth, seventh and eighth assignments of error are based upon the discrepancy claimed to exist between the enrolled bill and the printed bill, to which we have heretofore adverted. If the contention was sustained by the record, it would not vitiate the act in question. The record shows that the bill passed both houses in the manner provided by the constitution. If the word "testimony," in section 7 of the act under consideration, appeared in the enrolled bill, in the printed bill, and in the engrossed bill, it would not vitiate the act in question. As the clear intent of the act, considered as a whole, and especially of section 7, is apparent, that intention could not be defeated by a slight typographical error. It is the duty of courts, in construing and applying statutes that have been constitutionally enacted, to give force and effect to the will and intent of the legislature, and not to defeat that will and intent by giving force to trivial objection based solely on an immaterial typographical error. Finding no error in the record, the judgment appealed from is affirmed.

Huston, C. J., and Sullivan, J., concur.