(November 14, 1902.)

## In re ROWLAND.

[70 Pac. 610.]

GAMBLING—PLAYING GAME OF CARDS—MISDEMEANOR.—Under the provisions of the act approved February 6, 1899, one who engages in a game of cards by playing therein, in which game money, property, or other thing of value is won or lost, is guilty of a misdemeanor.

STATUTORY LAW—MISDEMEANOR.—The act approved February 6, 1899, making gambling a misdemeanor, provides the minimum punishment therefor, while the maximum punishment is provided in section 6313 of the Revised Statutes.

JURISDICTION—JUSTICE OF THE PEACE—MISDEMEANOR.—Justices of the peace have jurisdiction of offenses arising under the act of February 6, 1899, prohibiting gambling.

(Syllabus by the court.)

An original proceeding in Supreme Court for writ of *habeas corpus.*

S. S. Denning, for Petitioner, files no brief.

Frank Martin, Attorney General, for the State, files no brief.

QUARLES, C. J.—The petitioner applies for a writ of *habeas corpus,* and in his petition it appears that he was arrested upon a warrant which issued out of the justice's court of West Moscow precinct, in Latah county, on a criminal complaint

charging petitioner as follows: "That the said Charles Bowers, John Jackson, Roe Sudreth, Burt (Will) Rowland, and George Jackson, at the county of Latah, state of Idaho, on or about the 10th day of September, 1902, then and there being, did then and there willfully and unlawfully engage in, deal, carry on, and play a game with cards called 'stud poker,' for money, in that certain building known as the 'Cornwall Building,' situated on Third street, in the city of Moscow, Latah county, state of Idaho, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the state of Idaho." Upon trial, the petitioner was adjudged guilty, and sentenced to pay a fine of $200, and in default of payment thereof to be confined in the county jail of Latah county one day for each two dollars of said fine. Thereafter petitioner was, under said commitment, delivered to the sheriff of Latah county, in whose custody he remains, confined in the county jail of said county.

Section 1 of the act aforesaid is in the following language: "Every person who deals, plays or carries on, opens or causes to be opened, or who conducts, either as owner, employee, or lessee, whether for hire or not, any game of faro, monte, roulette, lansquenet, rouge et noir, rondo, or any game played with cards, dice, or any other device, for money, checks, credit, or any other representative for value, is guilty of a misdemeanor, and is punishable by fine not less than two hundred dollars, or imprisonment in county jail not less than four months." (Sess. Laws 1899, p. 389.)

It is argued on behalf of the petitioner that this section does not make it a misdemeanor to play stud poker and bet money on such game, but that the offense is directed against the owners or operators of games. Under this contention, the one who owned the cards with which that game was played would be guilty of a misdemeanor, but the petitioner, only having played in the game and bet thereon, is not guilty. On behalf of this contention, we are cited to the case of *Ex parte Ah Yem*, 53 Cal. 246. The question before us we do not regard as controlled by that decision. Under the statute in question here, one who deals a game of cards, plays a game of cards, or carries on a

game of cards for money, checks, credit, or other representatives of value, whether he is the owner of such game or not, is guilty of a misdemeanor. The object of the statute is to prevent gambling. Under its terms, one who plays for money in a game of poker is guilty of a misdemeanor, and subject to punishment under the statute. The statute fixes the minimum punishment at a fine of not less than $200, or punishment at not less than four months in the county jail. It is true that the statute does not fix the maximum punishment, but as this court held in *State v. Mulkey*, 6 Idaho, 617, 59 Pac. 17, the maximum punishment is prescribed in section 6313 of the Revised Statutes.

The said criminal complaint charged an offense against the petitioner. The said justice's court had jurisdiction of that offense. The petition shows that the petitioner was convicted in said justice's court upon said criminal charge, and committed to the county jail of said county. Therefore we must hold that the petitioner is lawfully in custody of the sheriff of Latah county, and that the petition does not show a cause wherein a writ of *habeas corpus* should issue.

The writ demanded should be denied, and it is so ordered.

Sullivan and Stockslager, JJ., concur.