(March 2, 1906.)

## In re WILLIAM BURGESS, JOHN BAILEY and JOHN McHARGUE.

[84 Pac. 1059.]

HABEAS CORPUS—ANTI-GAMBLING LAW—MAXIMUM PENALTY FOR VIO-
LATION—FINE AND IMPRISONMENT.

1. Under the provisions of section 1 of what is commonly known as the anti-gambling act (Sess. Laws 1899, p. 389), the lightest sentence that may be imposed upon one convicted of gambling is a fine of not less than $200 or imprisonment in the county jail for not less than four months.

2. The heaviest penalty that may be imposed upon one convicted of gambling is that prescribed by section 6313 of the Revised Statutes, and may amount to both a fine of not exceeding $300 and imprisonment not exceeding six months. *State v. Mulkey,* 6 Idaho, 617, 59 Pac. 17, and *In re Rowland,* 8 Idaho, 595, 70 Pac. 610, approved and followed.

3. Where a defendant has been convicted of gambling in violation of the provisions of the anti-gambling law, a sentence and judgment that he pay a fine of $250 and be imprisoned in the county jail for a period of three months, is within the authority of law and jurisdiction of the court and is a proper sentence and judgment.

(Syllabus by the court.)

ORIGINAL application on behalf of William Burgess, John Bailey and John McHargue, for writs of *habeas corpus*.

The petitioners were convicted in the justice's court of West Weiser precinct, in Washington county, of the crime of gam-

bling, and appealed to the district court in and for Washington county. Upon a trial in the district court the defendants were found guilty and sentenced by the judge to each pay a fine of $250, and serve a term of three months in the county jail. They thereafter applied to the district judge of the seventh judicial district for a writ of *habeas corpus*, and the same was denied. They thereupon applied to this court for a writ, and the writ was granted, and the sheriff of Washington county made his return that he was holding the prisoners under sentence and judgment from the district court. Writ quashed and dismissed, and the petitioners remanded to the custody of the sheriff of Washington county.

Frank Harris, for the Petitioners, files no brief.

J. J. Guheen, Attorney General, and Edwin Snow, Assistant Attorney General, for the State, cite no authorities on the point decided, not cited by the court.

AILSHIE, J.—The contention is made by the petitioners that under section 1 of the anti-gambling act (Sess. Laws 1899, p. 389), the court was without jurisdiction and authority to impose a sentence of both fine and imprisonment. Section 1 of the law in question, after enumerating the acts prohibited, declares that anyone who commits any of the forbidden acts "is guilty of a misdemeanor and is punishable by fine not less than two hundred dollars or imprisonment in the county jail not less than four months."

In *State v. Mulkey,* 6 Idaho, 617, 59 Pac. 17, the contention was made that the anti-gambling law was unconstitutional and void, for the reason that it only fixed the minimum penalty to be imposed for its violation and established no maximum penalty whatever. This court answered that contention in the following manner: "The act in question fixes the minimum punishment, but does not fix the maximum. Section 1 of said act makes the offense a misdemeanor. Section 6313 of the Revised Statutes is as follows: 'Except in cases where a different punishment is prescribed by this code, every offense

declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by fine not exceeding three hundred dollars, or by both.' Reading the act in question with said section 6313 of the Revised Statutes, both the maximum and minimum punishment are provided.'' The validity of this law again came under consideration in *Re Rowland*, 8 Idaho, 595, 70 Pac. 610, and the court said: ''The object of the statute is to prevent gambling. Under its terms, one who plays for money in a game of poker is guilty of a misdemeanor, and subject to punishment under the statute. The statute fixes the minimum punishment at a fine of not less than two hundred dollars or punishment of not less than four months in the county jail. It is true that the statute does not fix the maximum punishment, but, as this court held in *State v. Mulkey*, 6 Idaho, 617, 59 Pac. 17, the maximum punishment is prescribed in section 6313 of the Revised Statutes.''

The foregoing cases from this court are decisive of the point raised by petitioners. Section 1 of the act only attempts to fix the lightest penalty that the court may in any case impose, viz.: A fine of not less than $200 or imprisonment of not less than four months. The court may let the prisoner off with either of the foregoing penalties, but nothing short of one of them will satisfy the statute. This statute, it will be observed, does not undertake to prohibit a heavier penalty than therein specified; its purpose is to prohibit a lighter penalty. For the maximum penalty this court has said we should look to section 6313 of the Revised Statutes. That is a general statute fixing the maximum penalty in misdemeanor cases where a maximum is not fixed by the act defining the offense, and under that statute the punishment may be ''imprisonment in a county jail not exceeding six months, or by a fine not exceeding three hundred dollars, or by both.'' We are forced to the conclusion that under the statute as it has been interpreted by this court in two unanimous decisions, the maximum punishment which may be imposed on one convicted of gambling would be a fine of $300 and imprisonment for six months. The sentence in this case was clearly within

the limit, and within the jurisdiction of the court. The writ is dismissed and the prisoners are hereby remanded to the custody of the sheriff of Washington county.

Stockslager, C. J., and Sullivan, J., concur.

### ON REHEARING.

SULLIVAN, J.—A petition for rehearing has been filed in this case, and counsel seems to place reliance on a stipulation in writing signed by opposing counsel granting an extension of the time in which to prepare and serve a proposed statement or bill of exceptions. Counsel contends that the attorneys for respondent had power to bind their clients in that stipulation. The trouble with this contention is that the stipulation signed by counsel cuts no figure in the case whatever. That was a stipulation granting the appellant ten days in which to prepare and serve a proposed statement or bill of exceptions. Counsel for appellant had, under the statute, ten days for that purpose, which time expired on the twenty-ninth day of December, 1904. Counsel thereafter procured an order of the court extending that time for sixty days from the twenty-third day of December, 1904. Counsel for appellant attempts to explain the order of the court and contends that it was intended to date from December 29th, instead of the 23d, 1904. The order speaks for itself and extends the time for sixty days from the 23d. The stipulation signed by respective counsel has no part whatever in the decision of this case. If counsel for appellant has made a mistake, that may be unfortunate, but under the facts of this case we cannot give him relief, and the petition for rehearing is denied.

Stockslager, C. J., and Ailshie, J., concur.