(February 15, 1913.)

## In re MATT MILLER—Application for Writ of Habeas Corpus.

[129 Pac. 1075.]

HABEAS CORPUS—JURISDICTION OF COURT—CRIME AGAINST NATURE— MINIMUM AND MAXIMUM PENALTY—CONSTRUCTION OF STATUTES.

1. Under the provisions of sec. 6810, Rev. Stats. of 1887, the minimum punishment of one found guilty of the infamous crime against nature is imprisonment in the state penitentiary for not less than five years, and the length of imprisonment in excess of five years is left to the discretion of the court.

2. As sec. 6810 prescribes the punishment for said offense, sec. 6312, Rev. Stats. of 1887, has no application and does not fix the maximum punishment for said crime.

3. Sec. 6312, Rev. Stats. 1887, only prescribes the punishment for felonies in cases where the punishment is not prescribed by other sections of the statutes.

4. The cases of *State v. Mulkey,* 6 Ida. 617, 59 Pac. 17, *In re Rowland,* 8 Ida. 595, 70 Pac. 610, and *In re Burgess,* 12 Ida. 143, 84 Pac. 1059, cited and distinguished.

5. The maximum punishment for misdemeanors is fixed by sec. 6313, Rev. Stats. of 1887, where it is not otherwise fixed by other sections of the statutes.

(AILSHIE, C. J., dissents.)

Original application on behalf of Matt Miller for a writ of *habeas corpus.* Writ quashed and the prisoner remanded.

Charles Clifton, for Petitioner.

A district judge has no jurisdiction to sentence for a longer period than five years one charged with and found guilty of the crime against nature. (Black on Judgments, sec. 253, p. 316; *Ex parte Cox,* 3 Ida. 530, 95 Am. St. 29, 32 Pac. 197; *In re Lucas,* 17 Ida. 164, 104 Pac. 657; *In re Walton,* 17 Ida. 171, 104 Pac. 659, and *In re Chase,* 18 Ida. 561, 110 Pac. 1036.)

J. H. Peterson, Attorney General, and J. J. Guheen and T. C. Coffin, Assistants, for Respondent.

The court had jurisdiction to sentence defendant for a longer period than five years. The punishment by imprisonment for a number of years beyond five was left to the discretion of the court. If the court had sentenced the prisoner for a period of less than five years, then the application for a writ of *habeas corpus* would lie. (*Ex parte Cox,* 3 Ida. 530, 95 Am. St. 29, 32 Pac. 197.)

The power of the court to pass a sentence in excess of the minimum, or less than the maximum, has been squarely passed upon in the case of *People v. Nop,* 124 Cal. 150, 56 Pac. 786. (*People v. Haagen,* 139 Cal. 115, 72 Pac. 836.)

SULLIVAN, J.—The petitioner applied to this court for a writ of *habeas corpus,* and it is alleged in his petition that he is unlawfully imprisoned in the state penitentiary. The facts set up showing the alleged unlawful imprisonment are as follows: On the 26th of November, 1898, petitioner was found guilty in the district court of Lincoln county of the infamous crime against nature and sentenced to punishment therefor in the state penitentiary for a term of twenty-five years. Thereafter, on or about November 30, 1898, he was delivered into the custody of the officers of the penitentiary pursuant to said sentence, and ever since said date and still is confined in said penitentiary, and it is alleged that as a matter of law the trial court was without jurisdiction to sentence him for a longer term than five years, and that he has long since completed the service of that term and should now be discharged from said imprisonment, and that he is held as a prisoner for no other reason than because of said sentence of twenty-five years' imprisonment.

Upon that application the writ was issued, commanding the warden of the state penitentiary to produce the body of petitioner and show cause why the prayer of said petition should not be granted. Upon the return day said matter was heard upon a general demurrer to the petition.

The first question presented is, Had the trial court jurisdiction to sentence the defendant for more than five years upon his conviction for said crime? The defendant was convicted under the provisions of sec. 6810, Rev. Stats. of 1887, which sections bears the same number in the Revised Codes, and is as follows:

"Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the Territorial prison not less than five years."

It will be observed that the minimum sentence for that crime is fixed by that section, leaving it to the discretion of the court to fix the maximum sentence, which the court did in this case at twenty-five years.

It is contended by counsel for petitioner that the maximum punishment for said crime is fixed by sec. 6312, Rev. Stats. of 1887, which is the same as sec. 6312, Rev. Codes, which section is as follows:

"Except in cases where a different punishment is prescribed by this Code, every offense declared to be a felony, is punishable by imprisonment in the territorial prison not exceeding five years, or by fine not exceeding five thousand dollars, or by both such fine and imprisonment."

Under the provisions of said sec. 6810, the term of imprisonment fixed is not less than five years and the maximum is left to the discretion of the court, hence, that section prescribes the punishment for said offense, and since both the maximum and minimum sentences are in fact provided for by sec. 6810, the minimum being expressly fixed and the maximum left to the discretion of the court, it does not come within the provisions of sec. 6312, as it applies only to offenses where no punishment whatever is prescribed. Said sec. 6312 prescribes the punishment of acts declared to be felonious in cases where the statute did not provide the punishment and was intended to deal fully and completely, so far as the punishment was concerned, with all cases of felony where no other punishment had been provided. It was not intended to supplement other sections of the penal code that had already

provided a penalty for the punishment of such crimes. Sodomy, the crime for which defendant was convicted, was at common law a felony punishable by death. (36 Cyc., p. 502, and authorities there cited.) Under our statutes the only crime punishable with death is that of murder in the first degree, and no one would contend that a court, under the provisions of said sec. 6810, would have the authority to have a man executed who had been convicted of the crime mentioned in said section, but the legislature no doubt considered it a grave crime and fixed the minimum punishment at five years' imprisonment, and left it to the sound discretion of the court to fix the maximum according to the facts of each case.

Many of the penal statutes of this state, as well as of other states, prescribing the punishment by imprisonment for felonies either prescribe a minimum punishment, leaving the maximum to the court, or prescribe a maximum, leaving the minimum to the discretion of the court, or provide both a minimum and a maximum, leaving any sentence between the minimum and maximum to the discretion of the court. Said sec. 6810 provides that the punishment shall be "not less than five years"; that is the minimum. Sec. 6312 provides, "Except in cases where a different punishment is prescribed," every offense declared to be a felony, is punishable by imprisonment "not exceeding five years," so far as imprisonment is concerned. Five years is there fixed as the maximum; or, instead of such imprisonment, a fine not exceeding $5,000, or by both such fine and imprisonment. Then we have this anomalous condition if these two sections are to be construed as affecting the same crime: The same term of imprisonment is prescribed in each section, one the maximum and the other the minimum, and the one providing that five years' imprisonment shall be maximum has only the additional punishment of a fine not exceeding $5,000. So if these two sections be construed together, the maximum prescribed by sec. 6312 is the minimum prescribed by sec. 6810. In construing them both together, the term of imprisonment is absolutely fixed at five years—no more, no less—minimum and maximum

being the same. It does not seem probable that the legislature should have contemplated such a condition of things as would exist if said sections are construed together, one as providing the maximum and the other a minimum punishment. Said sec. 6312 applies only to felonies where no other punishment is fixed and where no penalty whatever is prescribed by other provisions of the statute. And said section 6810 in order of number, at least, is subsequent to sec. 6312. Supposing sec. 6810 had prescribed the minimum punishment at not less than six years, would anyone then contend that sec. 6312 had any application to the case? We think not.

It is next contended that the decisions of this court in *State v. Mulkey,* 6 Ida. 617, 59 Pac. 17; *In re Rowland,* 8 Ida. 595, 70 Pac. 610, and *In re Burgess,* 12 Ida. 143, 84 Pac. 1059, are in conflict with the views above expressed. In the three cases cited above, the contention was made that the anti-gambling law was unconstitutional and for the reason that it only fixed the minimum penalty for its violation and established no maximum penalty whatever, and that question was answered in *State v. Mulkey, supra,* as follows:

"The act in question fixes the minimum punishment, but does not fix the maximum. Section 1 of said act makes the offense a misdemeanor. Section 6313 of the Revised Statutes is as follows: 'Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by fine not exceeding three hundred dollars, or by both.' Reading the act in question with said section 6313 of the Revised Statutes, both the maximum and minimum punishment are provided. There is no constitutional objection to the fixing of the minimum punishment only by the legislature in a particular statute."

And the court held in those decisions, which involved misdemeanors, that as the gambling act fixed only the minimum punishment, the court would look to sec. 6313 to fix the maximum. We think those decisions were right. When we consider that the maximum punishment for a misdemeanor is only a few months' imprisonment, at most, and generally

does not exceed a $300 fine, or both such imprisonment and fine, it was clearly not the intention of the legislature to leave the maximum punishment for misdemeanors in the discretion of the court. I know of no statute which fixes the death penalty or imprisonment for life as the maximum punishment for a misdemeanor; and the punishment prescribed by said sec. 6810 is limited to imprisonment, and the death penalty could not be imposed.

It was clearly the intention of the legislature to fix the maximum punishment for all misdemeanors which were not otherwise fixed, by sec. 6312, at not to exceed six months imprisonment or by a fine not exceeding $300, or by both such fine and imprisonment. The crime which the legislature has named in said sec. 6810 was under the common law punished by death. The legislature fixed the minimum penalty by the provisions of said sec. 6810, and it is clear to me that they intended to and did leave the maximum punishment to the sound discretion of the court, and did not limit the maximum by the provisions of said sec. 6312. It was not intended that the maximum punishment for a misdemeanor should extend to life or be left to the discretion of the court, and it was intended that for the heinous crime of which defendant was convicted the minimum punishment should not be less than five years, and the maximum punishment was left to the discretion of the court. As touching upon this question, see *People v. Nop*, 124 Cal. 150, 56 Pac. 786; *People v. Stouter*, 142 Cal. 146, 75 Pac. 780.

The action is dismissed, the writ quashed and the prisoner remanded to the custody of the warden of the state penitentiary.

Stewart, J., concurs.

AILSHIE, C. J., Dissenting.—I cannot agree with my associates in reading into the statute, sec. 6810, the provision which they construe it as containing providing for a maximum penalty to be left to the discretion of the court. That part of sec. 6810 which provides the only penalty therein

named says that the offense described is punishable by imprisonment in the state penitentiary "not less than five years." It contains no intimation, however, as to what the maximum penalty is, nor does it contain any suggestion that the maximum is to be left to the discretion of the court. My associates suggest that the maximum penalty is in the discretion of the court, but that such discretion cannot be exercised except in the way of sentencing the defendant to imprisonment, and that the court could not sentence him to be executed. The very fact that the court is forced to say that this statute would not permit the trial court to sentence the defendant to be executed is itself a sufficient answer to the contention made by the majority of the court that the statute leaves the maximum penalty to the discretion of the court. The statute clearly makes no attempt to provide a maximum penalty, and neither does it in terms leave the maximum penalty to the discretion of the court.

The history of this statute demonstrates to my mind the incorrectness of the views expressed in the majority opinion. Sec. 6810 was first enacted by the territorial legislature on February 4, 1864, and then constituted sec. 45 of an act "concerning crimes and punishments." (1864 Sess. Laws, p. 35.) Sec. 45 of that act was in the identical language of sec. 6810 of our present Revised Statutes, with the exception that it contained the additional words immediately following the last word in the present sentence, "and which may extend to life." The section then provided that any person found guilty of the crime therein designated is "punishable by imprisonment in the state penitentiary not less than five years and which may extend to life." It will be seen at once that when this statute was first written and adopted in Idaho that it authorized a penalty not less than five years and authorized it to be extended to life. When the code commission of 1887 compiled the 1887 statutes, the words "and which may extend to life" were omitted from this statute, and at the same time sec. 6312 was enacted by the legislature and inserted in the Revised Statutes of 1887 for the first time that this

latter section appeared in the statutes of Idaho. Sec. 6312 reads as follows:

"Except in cases where a different punishment is prescribed by this code, every offense declared to be a felony, is punishable by imprisonment in the territorial prison not exceeding five years, or by fine not exceeding five thousand dollars, or by both such fine and imprisonment."

This section has been carried over into the Revised Codes under the same section number, 6312, and is now a part of the Penal Code of the state. It is apparent to the writer that the code commission of 1887 in compiling the new statute and the legislature in the adoption of the statutes of that year intended to change sec. 45 of the crimes and punishments act of 1864, by omitting therefrom the maximum penalty which might under the old statute be extended to life, and thereafter have the maximum penalty limited by a general maximum penalty statute which the legislature adopted as sec. 6312. In other words, it was the intent of the code commission and the legislature as well to establish the maximum penalty in all felony cases, where a different maximum was not established, at five years' imprisonment and $5,000 fine. In those cases where the minimum penalty is fixed by the specific statute greater than five years' imprisonment and $5,000, this general maximum penalty statute would not apply, for the reason that a higher maximum would already be fixed by special statute. Sec. 6312 makes no pretense at dealing with the minimum penalty, and so when it says that "where a different punishment is not prescribed by this code" the penalty shall "not exceed five years' imprisonment and $5,000 fine," it certainly means that where a *different maximum penalty* is not fixed. In the very nature of the sentence, it could not have reference to a minimum penalty but only to a maximum penalty. Sec. 6312 makes no pretense at being anything but a maximum penalty statute. It is neither unusual nor inconsistent for one statute to fix the minimum penalty to be inflicted and another and general statute to fix the maximum penalty applicable to all felonies where a different, specific maximum penalty is not prescribed

by statute. That is just the thing our statute has undertaken to do.

Sec. 6313 is in the identical language with reference to misdemeanors that sec. 6312 uses with reference to felonies, and was intended as a maximum penalty statute for misdemeanors where a different maximum is not prescribed by the specific statute. This court has uniformly held that reference will be had to sec. 6313 in misdemeanors for a maximum penalty where a specific statute only defines the minimum penalty. (*State v. Mulkey,* 6 Ida. 617, 59 Pac. 17; *In re Rowland,* 8 Ida. 596, 70 Pac. 610; *In re Burgess,* 12 Ida. 143, 84 Pac. 1059.)

In *Re Burgess,* this court, speaking of a statute fixing a minimum penalty, said:

"The court may let the prisoner off with either of the foregoing penalties, but nothing short of one of them will satisfy the statute. This statute, it will be observed, does not undertake to prohibit a heavier penalty than therein specified; its purpose is to prohibit a lighter penalty. For the maximum penalty this court has said we should look to section 6313 of the Revised Statutes. That is a general statute fixing the maximum penalty in misdemeanor cases where a maximum is not fixed by the act defining the offense, and under that statute the punishment may be 'imprisonment in a county jail not exceeding six months, or by a fine not exceeding three hundred dollars, or by both.' We are forced to the conclusion that under the statute as it has been interpreted by this court in two unanimous decisions, the maximum punishment which may be imposed on one convicted of gambling would be a fine of $300 and imprisonment for six months."

The opinion of the majority of the court seems to reverse the rule and reasoning adopted by this court in at least three cases with reference to misdemeanors and establishes a new and unusual rule with reference to the discretion of courts in pronouncing sentence in cases where the statute does not prescribe a maximum penalty. There is no occasion for prescribing a minimum penalty unless to prevent the courts from pronouncing a nominal or very small sentence. A stat-

ute would clearly not be void or objectionable because it failed to prescribe a minimum penalty. The difficulty about failure to specify the penalty arises where the failure is to specify the maximum penalty. Where a statute prescribes, as in this case, that the minimum penalty should be five years in the state penitentiary, the query at once arises as to what is the limit of the sentence that the judge might pronounce against a prisoner if he saw fit to do so.

There are three classes of penalties that are recognized by the laws of this state that may be pronounced for the commission of crimes: First, a fine; second, imprisonment; third, capital punishment. My associates say that a statute which prescribes five years as the minimum penalty impliedly leaves the maximum to the discretion and sweet will of the judge who tries the case. If that is true, then why could not the judge order the prisoner executed as that is a recognized penalty in this state and the highest penalty that can be pronounced. That is the maximum. If the statute leaves the maximum to the discretion of the judge, then why limit by the opinion of the court such penalty to life imprisonment. This merely illustrates the difficulty the court finds itself in when it departs from sec. 6312 which prescribes the general maximum penalty to be inflicted where a different maximum is not prescribed by the statute.

The writ should issue.