RASMUSSEN v. ZUNDEL, Sheriff, etc.

No. 4423.   Decided July 3, 1926.   (248 P. 135.)

1. CRIMINAL LAW—STATUTE IMPOSING FINE OF NOT LESS THAN $200 OR IMPRISONMENT OF NOT LESS THAN 90 DAYS HELD NOT INVALID FOR FAILING TO LIMIT PENALTY, IN VIEW OF CONSTITUTION AND STATUTES LIMITING PENALTY FOR MISDEMEANORS (LAWS 1923, c. 36, § 23, AS AMENDED BY LAWS 1925, c. 21; CONST. ART. 8, § 8; COMP. LAWS 1917, § 7905, AND SECTION 1784, AS AMENDED BY LAWS 1925, c. 62). Laws 1923, c. 36, § 23, as amended by Laws 1925, c. 21, punishing misdemeanor by fine of not less than $200 or imprisonment of not less than 90 days, is not unconstitutional or indefinite in failing to limit penalty, in view of Const. Art. 8, § 8, limiting Legislature in prescribing punishment for misdemeanor, by provisions of Comp. Laws 1917, § 7905, and section 1784, as amended by Laws 1925, c. 62, prohibiting punishment exceeding six months in jail or fine of $300 or both.

Appeal from First District

2. EVIDENCE—LEGISLATURE IS PRESUMED TO HAVE ENACTED STATUTE PUNISHING MISDEMEANORS WITH KNOWLEDGE OF CONSTITUTIONAL PROVISION EMPOWERING THEM TO RESTRICT JURISDICTION OF JUSTICES OF PEACE AS PROVIDED BY LAW (CONST. ART. 8 § 8; LAWS 1923, c. 36, § 23, AS AMENDED BY LAWS 1925, c. 21). Legislature is presumed to have enacted Laws of 1923, c. 36, § 23, as amended by Laws 1925, c. 21, punishing misdemeanors with knowledge of Const. Art. 8, § 8, fixing jurisdiction of justices of peace as now provided by law and empowering Legislature to restrict jurisdiction.

3. CRIMINAL LAW—STATUTE PUNISHING MISDEMEANORS BY FINE OF NOT LESS THAN $200 AND NOT LESS THAN 90 DAYS IN JAIL HELD NOT INTENDED TO REPEAL AND NOT IN CONFLICT WITH STATUTE LIMITING PUNISHMENT TO SIX MONTHS IN JAIL OR $300 FINE (LAWS 1923, c. 36, § 23, AS AMENDED BY LAWS 1925, c. 21; COMP. LAWS 1917, § 7905). Laws 1923, § 23, as amended by Laws 1925, c. 21, punishing misdemeanors by fine of not less than $200 or imprisonment of not less than 90 days, *held* not intended to repeal or modify Comp. Laws 1917, § 7905, providing that punishment shall not exceed six months in jail or $300 fine, and is not in conflict therewith.

4. CRIMINAL LAW—COURT HELD NOT AUTHORIZED TO SENTENCE DEFENDANT TO PAY FINE OR BE IMPRISONED FOR MISDEMEANOR, STATUTE NOT BEING IN ALTERNATIVE (LAWS 1923, c. 36, § 23, AS AMENDED BY LAWS 1925, c. 21; COMP. LAWS 1917, § 9450). Under Laws 1923, c. 36, § 23, as amended by Laws 1925, c. 21, empowering court to impose fine of not less than $200 for misdemeanor or imprisonment of not less than 90 days, defendant cannot be sentenced to pay fine or be imprisoned; statute not being in the alternative, as Comp. Laws 1917, § 9450.

5. CRIMINAL LAW. Judgment in criminal case should be definite, and ministerial officers should not be left in doubt as to sentence imposed.

Appeal from District Court, First District, Box Elder County; *M. C. Harris,* Judge.

Corpus Juris-Cyc. References:

[1]  ˙Criminal Law 16 C. J. p. 1359 n. 68.
[2]  Evidence 22 C. J. p. 130 n. 73.
[3]  Criminal Law 16 C. J. p. 1359 n. 68.
[4]  Criminal Law 16 C. J. p. 1367 n. 3.
[5]  Criminal Law 16 C. J. p. 1303 n. 56.

Habeas corpus by Hans Rasmussen against John H. Zundel, Sheriff, etc. From a judgment denying the writ, plaintiff appeals.

REVERSED, with directions to grant the writ.

*Jones & Jones,* of Brigham, for appellant.

*J. W. Horsley,* of Brigham, for respondent.

GIDEON, C. J.

The appellant was charged in the city court of Brigham City, on September 26, 1925, with the offense of killing a deer out of season, contrary to the provisions of the statutes, etc. On the same day appellant appeared in court and entered a plea of guilty. The court entered its judgment, and the appellant "was then and there sentenced by the court to either pay a fine of $200 or spend 90 days in the county jail; thereafter on the 16th day of March, 1926, Hans Rasmussen (appellant) was, by the said city court, remanded to the custody of the sheriff of Box Elder county to serve the 90-day jail sentence, the fine not having been paid." On March 16, 1926, the appellant (defendant in the criminal action) petitioned the district court of Box Elder county for a writ of habeas corpus, alleging that the appellant was illegally restrained of his liberty by the respondent, sheriff of that county. A hearing was had and the writ denied, and appellant was remanded to the custody of the respondent sheriff. From the judgment denying the writ, this appeal is prosecuted.

The appellant was by the complaint in the city court charged with a misdemeanor. He was proceeded against under section 23, Laws Utah 1923, as amended by chapter 21, Laws Utah 1925. That part of the section, as amended, material here reads as follows:

"Any person or persons violating any of the provisions of this section shall be deemed guilty of a misdemeanor and if it be a violation

of any provision of this section pertaining to elk, deer, antelope, mountain sheep and mountain goat, upon conviction thereof shall be fined in a sum not less than $200.00 or imprisoned not less than ninety days.  *  *  *"

### Section 7905, Comp. Laws Utah 1917, is as follows:

"Except in cases where a different punishment is prescribed by law, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine in any sum less than $300, or by both.  *  *  *"

Section 1784, Comp. Laws Utah 1917, as amended by chapter 62, Laws Utah 1925, provides that city courts shall have jurisdiction under conditions therein specified of " *  *  * breaches of the peace, committing a willful injury to property, and all misdemeanors punishable by a fine less than $300 or by imprisonment in the county jail or city prison not exceeding six months, or by both such fine and imprisonment." The contention of appellant, stated in the language of his counsel's brief, is:

"Appellant's position is that the Brigham city court had no jurisdiction to hear, try, or determine the criminal action against him, for the reason that the maximum penalty that the city court could impose in such cases was a $300 fine or six months' imprisonment or both, whereas the maximum imposable for the offense charged was much greater."

In other words, it is counsel's contention, as I understand his argument on this branch of the case, that section 23 of the Laws of Utah 1923, as amended by chapter 21, Laws Utah 1925, is unconstitutional in that it places no limit upon the maximum penalty the court is authorized to impose, and that said statute is indefinite in that it does not, by its provisions, limit the penalty that the court is authorized to impose for violation of a misdemeanor; also, that the amendment of 1925 is an independent act and should not be construed with or controlled by the provisions of section 7905, supra, which is an act defining the punishment to be imposed by the court in misdemeanor cases.

Section 8 of article 8 of the Constitution provides that the Legislature shall determine the number of justices of the peace to be elected, and shall fix by law their powers, duties, and compensation. "The jurisdiction of justices of the peace shall be as now provided by law, but the Legislature may restrict the same." The law in force at the time of the adoption of the Constitution defining the jurisdiction of justices of the peace was the same as now found in section 7905, supra. The Legislature has seen fit to give the justices of the peace jurisdiction to hear and punish, upon conviction of, misdemeanors. It is not contended, neither can it be, that the Legislature is without power to fix any penalty to be imposed by a justice of the peace upon conviction of a misdemeanor not in excess of the penalty prescribed at the time of the adoption of the Constitution. The Legislature was therefore clearly within its right in providing that on conviction of either of the offenses enumerated in the section quoted the fine should be not less than $200, or the imprisonment not less than 90 days, and to give justices of the peace jurisdiction over such offense. The contention of appellant is, however, that by failure to provide that the fine should not exceed $300, or the imprisonment not exceed six months in jail, the statute is incomplete and not enforceable, for the reason that it leaves to the discretion of the court the power to impose any punishment, not limited in its severity. That contention fails to recognize the limitations upon the jurisdiction of a justice of the peace found in the Constitution. The respondent, on the contrary, contends that the maximum penalty which the court is authorized to impose is provided in section 7905, supra, and that the provisions of chapter 21, Laws Utah 1925, should be construed in connection with that section. Keeping in mind the constitutional provisions as to jurisdiction of justices of the peace, and the power of the Legislature in that regard, we are clearly of the opinion that the respondent's contention in that regard is sound. Section 7905, substantially in its present form,

has been on the statute books not only since statehood but prior thereto. The Legislature, within its rights, undertook to provide and did provide that for the commission of particular offenses named in that section the fine should not be less than $200 or the imprisonment not less than 90 days. The imposition of either of these penalties was clearly within the limitations prescribed by section 7905, and likewise within the constitutional limitation.

We are cited to a number of California cases, particularly *Ex parte Anear*, 114 Cal. 370, 46 P. 172, *People* v. *Tom Nop*, 124 Cal. 150, 56 P. 786, and others, which it is insisted support a ruling contrary to the one made by the trial court. and to the views herein expressed. We shall not attempt to review those cases. It is, however, apparent that the California court recognized the right of the Legislature to prescribe a definite penalty for any particular misdemeanor. There is no provision in the California Constitution limiting the Legislature in prescribing what punishment should be imposed for a misdemeanor, except the general provision that harsh and unusual punishment should not be inflicted. We have a constitutional provision which limits the Legislature in prescribing what punishment can be imposed by a justice's court for a misdemeanor. The provision of our Constitution is that the Legislature may restrict the jurisdiction of justices of the peace. The Legislature therefore must be presumed to have enacted section 23, Laws of Utah 1923, as amended by Laws Utah 1925, with knowledge of that constitutional provision.

The Idaho Supreme Court, under statutes similar to ours, has arrived at a different conclusion from the California courts. The Idaho cases which support the respondent's contention, as cited in the brief, are as follows: *State* v. *Mulkey*, 6 Idaho, 617, 59 P. 17; *In re Rowland*, 8 Idaho, 595, 70 P. 611; *In re Burgess*, 12 Idaho, 143, 84 P. 1059. There is nothing in the act of 1923, nor in the amendment of 1925, to indicate that it was the intent of the Legislature by such enactments to repeal or mod-

ify section 7905, supra. No express language is found referring to that section. There is no conflict in the penalty prescribed in the 1925 amendment with that of section 7905. The contention that the amendment of 1925 is either unconstitutional or is indefinite, in that it allows the court unlimited discretion in imposing sentence for a misdemeanor, cannot prevail.

There is, however, in our judgment, an additional reason why the writ in this case should have been granted. There is a stipulation of facts found in the abstract. The case was heard before the district court and in this court upon that stipulation of facts. It is provided in the stipulation that the sentence imposed by the court upon the appellant was to either pay a fine of $200 or spend 90 days in the county jail. Section 23, Laws of Utah 1923, as amended, provides that upon "conviction thereof shall be fined  *  *  *   not less than $200 or imprisoned not less than ninety days." It is very clear from that provision of the section that the jurisdiction of the court was to either impose a fine of not less than $200 or to imprison the defendant in the county jail not less than 90 days. There was no power to impose both the fine and imprisonment. The court could either sentence the appellant to pay a fine or impose a jail sentence. The language is not susceptible of any other construction. The justice did neither, or did both. The stipulation is that defendant was either to pay a fine of $200 or spend 90 days in jail. In other words, the court apparently left it to the defendant or to the sheriff to determine which sentence should be imposed. It is elementary that judgment, especially in criminal cases, should be definite, and ministerial officers should not be left in doubt as to what sentence is to be imposed. It is not necessary to cite authority to support that proposition. The judgment in this case was not in the alternative—that upon failure to pay a fine the appellant should be imprisoned at hard labor until such

fine had been paid—as the court was authorized to impose by section 9450, Comp. Laws Utah 1917.

The Supreme Court of Florida, in *Ex parte Martini*, 23 Fla. 345, 2 So. at page 690, in discussing a question similar to the one under consideration here, says:

"If the sentence is to be considered as inflicting in the alternative a fine of $100, or the performance of 60 days' work on the public streets as the punishment adjudged for the offense, not only is the latter part of it wholly unauthorized as a punishment by the ordinance denouncing the offense, but the sentence is void for uncertainty. If it be left by the court to either the prisoner or to the ministerial officer of the court having him in charge, or to any one else, to say whether the prisoner shall pay a fine or do something else, then the court has not fixed the sentence, and we have no certain sentence of the court; and whichever of the two things may be done is not done by virtue of any decision of the court as to which shall be done. The ordinances referred to do not authorize any such sentence.

" 'An illegality which renders a judgment in a criminal case void, is such an illegality as is contrary to the principles of law, as distinguished from rules of procedure.' *Ex parte Gibson*, 31 Cal. 619 [91 Am. Dec. 546]. The illegalities spoken of are no mere error as to a mode of procedure. They are the doing of what there was no power or authority in law to do, the exercise of powers not given by law, and hence the judgment is void, and the prisoner should have been discharged. Hurd, Habeas Corpus, pp. 327-329, and notes. *Ex parte Page*, 49 Mo. 291; *Howard* v. *People*, 3 Mich. 207; *Gurney* v. *Tufts*, 37 Me. 130 [58 Am. Dec. 777]; Freem, Judgm. § 625."

See, also, 8 R. C. L. § 237; *Ex parte Lange*, 18 Wall. 163, 21 L. Ed. 872; *Tanner* v. *Wiggins*, 54 Fla. 203, 45 So. 459, 14 Ann. Cas. 718; *State* v. *Walters*, 97 N. C. 489, 2 S. E. 539, 2 Am. Rep. 310.

The judgment is reversed, with directions to the district court to grant the writ.

THURMAN, FRICK, CHERRY, and STRAUP, JJ., concur.