523 P.2d 532

The STATE of Idaho, Plaintiff-Respondent,

v.

Harley Lloyd CARRINGER et al.,
Defendants-Appellants.

No. 10961.

Supreme Court of Idaho.

June 20, 1974.

Stewart A. Morris of King, Wiebe & Morris, Boise, for defendants-appellants.

W. Anthony Park, Atty. Gen., William F. Lee and Ronald D. Bruce, Asst. Attys. Gen., Boise, for plaintiff-respondent.

SHEPARD, Chief Justice.

This is an appeal from a judgment of conviction of the infamous crime against nature and the imposition of sentence. The sole questions presented are whether the statute is unconstitutionally void and ambiguous and whether the trial court erred in sentencing the defendants. We affirm the convictions and sentences.

The defendants were charged with having committed an infamous crime against nature, a violation of I.C. § 18–6605, which provides:

"Crime against nature—Punishment.— Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than five years."

Following their entry of an initial plea of not guilty, the defendants moved to with-

draw their pleas and enter a demurrer to the information on the ground that the subject statute was unconstitutionally vague and ambiguous. That motion was denied. Following a trial by jury the defendants were convicted and each was sentenced and committed for a prison term of not to exceed ten years.

We consider first the appellants' argument that the statute is void for vagueness. The United States Supreme Court has stated:

> "Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." United States v. National Dairy Products Corp., 372 U.S. 29 (1963).

*See also* Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222, 83 S.Ct. 594, 9 L.Ed.2d 561 (1972), and Smith v. Goguen, 42 U.S.L.W. 4393, — U.S. —, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974). It is also stated that reference should be made to any authoritative judicial construction of the statute. Winters v. People of State of New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948); State v. Crawford, 478 S.W.2d 314 (Mo.1972), appeal dismissed 409 U.S. 811, 93 S.Ct. 176, 34 L. Ed.2d 66 (1972).

■ We deem it clear that there has been authoritative judicial construction of this particular statute in this state and that such has been uniform for 58 years. In the case of State v. Altwatter, 29 Idaho 107, 157 P. 256 (1916) this court specifically held that the statutory crime against nature might be committed "per os." That determination was followed in the decisions of State v. Wall, 73 Idaho 142, 248 P.2d 222 (1952) and State v. Larsen, 81 Idaho 90, 337 P.2d 1 (1959), cert. denied 361 U.S. 882, 80 S.Ct. 154, 4 L.Ed.2d 119 (1959). Common to most if not all vagueness cases is the principle that the words of the questioned statute should not be evaluated in the abstract but should be considered with reference to the particular conduct of the defendants. United States v. National Dairy Products Corp., 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963); Smith v. Goguen, *supra* (White, J., concurring in the judgment).

We are therefore required to consider the facts giving rise to this action. All of the defendants herein were prison inmates at the time of this incident, which occurred within the walls of the Idaho State Penitentiary. The victim was a 19 year old man who had been committed to the penitentiary under a 120 day retention of jurisdiction (I.C. § 19–2601). Some weeks after his commitment, the victim in the evening hours was persuaded by several other inmates to enter the prison chapel for the alleged purpose of playing the piano. After briefly playing the piano, the victim was seized, dragged to the stage, repeatedly beaten, struck, kicked and threatened with death. In the presence of approximately twelve other inmates and while the victim was being further beaten he was forced to perform the act of fellatio upon several of the inmates there present, the four defendants among them. While he was being forced to commit those acts, the victim was also entered anally.

■ It is beyond doubt that the defendant's acts fall squarely within the very core of I.C. § 18–6605 as uniformly construed for 58 years. State v. Altwatter, *supra*; State v. Wall, *supra*; State v. Larsen, *supra*.

Appellants cite only in support of their void for vagueness argument the cases of Franklin v. State, 257 So.2d 21 (Fla.1971), and Harris v. State, 457 P.2d 638 (Alaska 1969). We believe *Franklin* to be clearly distinguishable from the case at bar. Therein two consenting adults "committing a crime against nature" in a secluded area were apprehended by a police officer. Upon conviction the Florida Supreme Court reversed the judgment of conviction of a felony and remanded the cases for

sentencing as misdemeanors in accordance with a statute which read:

"Whoever commits any unnatural and lascivious act with another person [shall be punished as a misdemeanor]."

In *Harris*, the Alaska court pointed out that the term "crime against nature" had at that time never been authoritatively judicially construed in Alaska. Therein the court went on in a monumental opinion to find Alaska's statute void for vagueness. Nevertheless the case was remanded to the trial court for entry of an amended judgment "reflecting a conviction for the crime of sodomy and not a crime against nature." 457 P.2d at 649.

■ As heretofore stated both *Harris* and *Franklin* are clearly distinguishable from the case at bar. We find the void for vagueness argument of the appellants to be without merit.

The appellants also argue that the sentence imposed by the trial court was erroneous. They contend that I.C. § 18–6605 does not specify a maximum sentence and further argue that since the enactment of I.C. § 19–2513 (the indeterminate sentence statute) no minimum sentence is prescribed. The defendants argue therefrom that they should have been sentenced under the provisions of I.C. § 18–112, which provides:

"Punishment for felony.—Except in cases where a different punishment is prescribed by this code, every offense declared to be a felony, is punishable by imprisonment in the state prison not exceeding five years, or by fine not exceeding $5,000, or by both such fine and imprisonment."

The argument of the defendant has been previously disposed of by this court in the decision In re Miller, 23 Idaho 403, 129 P. 1075 (1913). In *Miller* the defendant, who was also convicted of having committed the crime against nature, was sentenced to 25 years imprisonment. In *Miller* it was also argued that the maximum punishment for the crime was fixed at five years, cit-

ing [R.C. § 6312] I.C. § 18–112. That contention was rejected in *Miller*, wherein the court stated:

"Under the provisions of said section 6810, the term of imprisonment fixed is not less than five years and the maximum is left to the discretion of the court, hence that section prescribes the punishment for said offense, and since *both* the maximum and minimum sentences are in fact provided for by section 6810, the minimum being expressly fixed and the maximum left to the discretion of the court, it does not come within the provisions of section 6312, as it applies only to offenses where no punishment whatever is prescribed." (Emphasis supplied) 23 Idaho at 405, 129 P. at 1075.

■ *Miller*, then, stands for the proposition that the present I.C. § 18–6605 provides for both a maximum and minimum sentence. Thus, even if the indeterminate sentence statute abolished the minimum sentence as is contended by appellant here, *Miller* nevertheless holds that there is a maximum sentence and that it is established by the discretion of the court. Upon the instant facts we decline the opportunity to overrule *Miller* and accordingly hold that sentence was properly imposed upon the defendant.

Judgment of the trial court is affirmed.

DONALDSON and McQUADE, JJ., concur.

McFADDEN, Justice, dissenting, with whom BAKES, Justice, concurs.

I concur with the majority's affirmance of the judgments of conviction in this case, but I must dissent from the affirmance of the defendants' sentences of not less than ten years.

The majority opinion relies upon the case of In re Miller, 23 Idaho 403, 129 P. 1075 (1913), as authority for its decision. The majority opinion has concluded that the maximum sentence for the infamous crime against nature is left to the discretion of the trial court.

The court in In re Miller, supra, reasoned that although Revised Codes § 6810 (now I.C. § 18–6605) provided only a minimum sentence of not less than five years for the commission of the infamous crime against nature, the maximum sentence was not prescribed and hence was left to judicial discretion. Justice Ailshie dissented from the decision and questioned the majority opinion in failing to apply Revised Codes sec. 6312 (now I.C. § 18–112).

"Except in cases where a different punishment is prescribed by this code, every offense declared to be a felony, is punishable by imprisonment in the state Prison not exceeding five years, or by fine not exceeding $5,000, or by both such fine and imprisonment."

Justice Ailshie stated:

"Sec. 6312 makes no pretense at dealing with the minimum penalty, and so when it says that, 'where a different punishment is not prescribed by this Code' the penalty shall 'not exceed five years' imprisonment and $5,000 fine,' it certainly means that where a *different maximum penalty* is not fixed. In the very nature of the sentence, it could not have reference to a minimum penalty but only to a maximum penalty. Sec. 6312 makes no pretense at being anything but a maximum penalty statute. It is neither unusual nor inconsistent for one statute to fix the minimum penalty to be inflicted and another and general statute to fix the maximum penalty applicable to all felonies where a different, specific maximum penalty is not prescribed by statute. That is just the thing our statute has undertaken to do." 23 Idaho at 410–411, 129 P. at 1077.

The majority opinion in In re Miller, supra, distinguished three previous cases of this court which had applied the provisions of Revised Statutes § 6313, which provided,

"[e]xcept in cases where a different punishment is prescribed by this Code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding three hundred dollars, or by both,"

to a misdemeanor statute which had merely fixed the minimum penalty. Those three cases were State v. Mulkey, 6 Idaho 617, 59 P. 17 (1899); In re Rowland, 8 Idaho 595, 70 P. 610 (1902); and In re Burgess, 12 Idaho 143, 84 P. 1059 (1906). Although the majority in In re Miller, supra, stated that it considered those decisions right, it nonetheless ignored the reasoning therein. Justice Ailshie in his dissenting opinion concluded that the majority seemed to reverse the rule and reasoning in those three cases.

The majority opinion in In re Miller was based on the fact that the statute under which the defendant was charged by its terms fixed a minimum penalty. However, in my opinion, in 1947, the legislature destroyed the foundation supporting the case of In re Miller when it amended the indeterminate sentence law. See, S.L.1947, Ch. 46.[1] Such amendment eliminated any minimum sentence. After 1947, I.C. § 18–6605, which previously had established a minimum sentence, but did not fix a maximum sentence, was left without any valid term of punishment being established. In such a situation, I.C. § 18–112 fills the gap. It establishes the punishment for a felony, where no other punishment is fixed by law, at imprisonment in the state prison not exceeding five years or by fine not exceeding $5,000 or by both such fine and imprisonment.

In my opinion the majority opinion in this case is in error in relying upon the case of In re Miller as supportive of its conclusion.

1. The 1947 amendment (S.L.1947, Ch. 46) provided:
    "The minimum period of imprisonment in the penitentiary heretofore provided by law for the punishment of felonies, and each such minimum period of imprisonment for felonies, hereby is abolished. * * *."
    See, I.C. § 19–2513.

In spite of the henious nature of the crimes committed by the defendants, it is my conclusion that the specific statutory provisions of I.C. § 18–112 as established by the legislature must control. Therefore, I would affirm the judgments of conviction but impose only the maximum five year sentence as established by I.C. § 18–112.