415 P.2d 297

Willard R. JACOBSON, Petitioner-
Respondent,

v.

Earl WINTER, Sheriff of Elmore County,
Idaho, Defendant-Appellant.

No. 9700.

Supreme Court of Idaho.

June 10, 1966.

---

Allan G. Shepard, Atty. Gen., and M. Allyn Dingel, Jr., Asst. Atty. Gen., Boise, and Fred Kennedy, Pros. Atty., Elmore County, Mountain Home, for appellant.

Robert F. McLaughlin, Mountain Home, for respondent.

McFADDEN, Chief Justice.

Earl Winter, the Sheriff of Elmore County, Idaho, as appellant, brings this appeal from an order of the district court which granted the petition of Willard R. Jacobson, respondent, for a writ of habeas corpus, and under which order the respondent was discharged from the custody of appellant.

The events leading to this appeal started in Mountain Home, when respondent Jacobson, on February 28, 1964, commenced to issue what were asserted to be "no account" checks. On March 6, 1964, a criminal complaint in four counts was filed charging Jacobson with the felony of issuing checks without funds. Elmore County officials determined respondent had been arrested by Ada County authorities and had been incarcerated in the Idaho State Penitentiary, for violation of terms of his probation. On July 24, 1964, they forwarded to the penitentiary a request that respondent be held for them upon his discharge, this procedure being called a "hold" order.

In February, 1965, an order of the district court was entered authorizing officials of the penitentiary to deliver respondent to the custody of the Elmore County Sheriff. Upon delivery of respondent to the sheriff, pursuant to this order, he was arrested on February 24, 1965, under a warrant of arrest.

While in the penitentiary, respondent wrote two letters, one on September 29, 1964, and the other on December 18, 1964, to the Elmore County Prosecuting Attorney, requesting that he be given a speedy trial.

On March 4, 1965, a preliminary hearing was held and respondent was bound over to district court to answer the charges of the complaint.

On May 4, 1965, respondent petitioned the district court in this action for a writ of habeas corpus. The writ issued, directing appellant to produce the respondent, who made his return to the writ, alleging that respondent was held by him pursuant to the order of commitment entered following preliminary hearing.

A hearing was held, and the trial court, after entering a memorandum decision, issued the order of discharge from which this appeal is taken.

Summarized, appellant's assignments of error are that the trial court erred: in determining that respondent had not been given a speedy trial, and in discharging him by reason thereof; in ruling there were two different guarantees of a speedy trial and that the statutory guarantee of a speedy trial was accorded respondent, but that the constitutional guarantee was not; in considering the time elapsed between the criminal complaint to the time of arrest in determination of whether respondent was accorded a speedy trial.

Idaho Constitutional provisions and statutory provisions involved are set out in the footnote below.[1]

---

1. Art. 1, § 13: "In all criminal prosecutions, the party accused shall have the right to a speedy and public trial * * *."

Art. 1, § 18. "Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property or character, and right and justice shall be administered without sale, denial, delay or prejudice."

I.C. § 19–106: "In a criminal action the defendant is entitled:

"1. To a speedy and public trial.

"2. * * *

In Ellenwood v. Cramer, 75 Idaho 338, 343, 272 P.2d 702, 705, this court in considering the constitutional and statutory provisions pertaining to the right to a speedy trial stated:

"The right of a defendant to a speedy trial was recognized at common law and this right has been embodied in our Constitution. Idaho Statutes, Sec. 19–3501, I.C., has defined in substance what is meant by a speedy trial, that is, one accused of crime should be tried not later than the next term of court subsequent to being held to answer, unless the trial is postponed upon defendant's application, or with his consent, or other lawful, valid reason.

\*　　\*　　\*　　\*　　\*　　\*

"One accused of crime is entitled to be tried under fixed standards and rules, free from capricious and oppressive unnecessary delays and with reasonable diligence. \* \* \*"

In Schrom v. Cramer, 76 Idaho 1, 275 P.2d 979, decided the same year as Ellenwood v. Cramer, supra, this court held that a person must be charged by information or indictment filed not later than the term of court following his commitment, and further that the information or indictment having been filed during a current term of the court, the defendant must be tried during the following term of court unless good cause to the contrary be shown.

The trial court, in its memorandum opinion, pointed out that respondent was arrested and held to answer during the same term of court, and it appears that trial date was set during the same term. The cases of Ellenwood v. Cramer and Schrom v. Cramer, (both supra), dealt with a different question. Here, the issue is presented whether, when an accused is incarcerated in the state penitentiary, the time intervening between the filing of the criminal complaint to the time he is arrested, should be computed in determination of whether the accused was being afforded a speedy trial. The trial court in its memorandum opinion, following what is denominated as the majority rule, held that the time between filing of the charge and arrest must be computed, and ordered respondent's discharge.

■ There is no reporter's transcript of the district court's proceedings of this cause, and it is impossible to say just when the authorities of Elmore County had notice of Jacobson's whereabouts, but it is undisputed they knew he was in the penitentiary by at least July 24, 1964, the date the "hold" order was issued at their request. The fact that the respondent was incarcerated in the penitentiary cannot be asserted as an excuse for denying an accused person a speedy trial, at least when the accused has sought to have his cause tried. 21 Am.Jur.2d 284, Criminal Law § 249. As stated by the author of the annotation on this point, 118 A.L.R. 1037:

"The general rule, followed in the majority of the states and in the Federal courts, is that, under a constitutional provision guaranteeing to accused a speedy trial, and under statutes supplementing the constitutional provisions and enacted for the purpose of rendering it effective, and prescribing the time within which accused must be brought to trial after indictment, a sovereign may not deny an accused person a speedy trial even though he is incarcerated in one of that

---

I.C. § 19–3501. "The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:

"1. When a person has been held to answer for a public offense, if an indictment is not found against him *at the next term of the court at which he is held to answer.*

"2. If a defendant, whose trial has not been postponed upon his application, is

not brought to trial *at the next term of the court* in which the indictment is triable, after it is found." (Emphasis supplied.)

I.C. § 19–402: "A prosecution for any other ·felony than murder must be commenced by the filing of the complaint or the finding of an indictment within three years after its commission."

sovereign's penal institutions under a prior conviction and sentence in a court of that sovereign."

In Harris v. Municipal Court, 209 Cal. 55, 285 P. 699 (1930), the Supreme Court of California held that the provision of the constitution of that state pertaining to the right of an accused to a speedy trial was self-executing. The California Constitutional provisions there discussed provided: "In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial." Therein that court stated:

"It [the constitutional provision] reflects the letter and spirit of the following provision of the Federal Constitution to the same effect: 'In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. * * *' U.S. Const., Amend. art. 6, § 1."

See also: Ex Parte Alpine, 203 Cal. 731, 265 P. 947, 58 A.L.R. 1500 (1928); In re Begerow, 133 Cal. 349, 65 P. 828, 56 L.R.A. 513, 85 Am.St.Rep. 178 (1901). The holding of the California court in the Harris case, is consonant with the prior expressions of this court in dealing with the relationship of Idaho Const. Art. 1, § 13, and I.C. § 19–106 and I.C. § 19–3501, which latter section deals with the requirement of when the indictment or information must be filed and when the party charged shall be tried. Ellenwood v. Cramer, supra; In re Jay, 10 Idaho 540, 79 P. 202.

Our constitutional provision makes no distinction as to type of cases in which the right to speedy trial is guaranteed, but provides it for *"all criminal prosecutions"*. It further provides that the "party accused" is granted this right. A party is accused when a criminal complaint is filed against him. People v. Aquirre, 181 Cal. App.2d 577, 5 Cal.Rptr. 477 (1960); People v. Jordan, 45 Cal.2d 697, 290 P.2d 484 (1955); Zamloch, for and on Behalf of Cowan v. Municipal Court, 106 Cal.App.2d 260, 235 P.2d 25 (1951); Rost v. Municipal Court, 184 Cal.App.2d 507, 7 Cal.Rptr. 869, 85 A.L.R.2d 974 (1960). Under the constitutional provisions no logical conclusion can be reached other than that the time within which an accused is to be secured in his right to a speedy trial must be computed from the time the complaint is filed against him. It is to be noted that I.C. § 19–3501 is determinative of the time following indictment or information only, and does not refer to the time between the filing of the criminal complaint itself and the filing of the indictment or information. In other words, I.C. § 19–3501 deals only with a portion of the rights guaranteed under the constitutional provisions, arising after the procedures leading to indictment or information have been accomplished. The trial court was correct in its analysis of this issue, that the time should be determined from the time of filing of the original complaint when the accused is incarcerated within the jurisdiction of this state and his whereabouts are known to the prosecuting authorities. When the whereabouts of the accused are unknown, the time should be considered at least from the time the prosecuting authorities obtain knowledge of the accused's whereabouts, when he is within the jurisdiction of this state, whether incarcerated or not. This is in accord with the rule applied by the majority of the jurisdictions that have discussed this problem. Annot: 85 A.L.R.2d 980. No facts appear of record in explanation of the delay between the time of filing of the complaint and respondent's subsequent arrest, a period of almost a full year.

Under the facts as presented by this record, the trial court did not err in its determination that the respondent was not accorded a speedy trial. The order of the trial court discharging the defendant is affirmed.

McQUADE, TAYLOR, SMITH and SPEAR, JJ., concur.