905 P.2d 1039

**STATE of Idaho, Plaintiff–Respondent– Cross Appellant,**

v.

**Johnny Lynn BRASHIER, Defendant– Appellant–Cross Respondent.**

No. 21599.

Court of Appeals of Idaho.

Oct. 30, 1995.

Lloyd J. Webb (argued) and Curtis R. Webb, Twin Falls, for appellant.

Hon. Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, and Catherine L. Derden (argued), Arkansas, for respondent.

LANSING, Judge.

Johnny Lynn Brashier appeals following his conviction for committing the infamous crime against nature, I.C. § 18–6605. In the district court he filed two motions to dismiss the charge. His first motion asserted that an element of the offense, the penetration of the victim, had not been proved at the preliminary hearing. Brashier's second motion sought dismissal for violation of his right to a speedy trial. Upon the denial of these motions, Brashier entered a conditional plea of guilty to the infamous crime against nature charge, and the State dismissed two other felony counts. Brashier now appeals the adverse rulings on his motions to dismiss, having reserved the right to appeal pursuant to I.C.R. 11(a)(2). The State cross appeals from the sentence imposed, arguing that the district court abused its discretion because it acted under an erroneous understanding of the maximum penalty for the crime. The State also contends that the district court erred in granting excess credit on the sentence for time served. For the reasons stated below, we affirm the denials of Brashier's motions to dismiss and remand this case for resentencing and recalculation of credit for time served.

## I.

### THE EVIDENCE PRESENTED AT THE PRELIMINARY HEARING SUPPORTED A FINDING OF PROBABLE CAUSE TO BELIEVE THAT PENETRATION HAD OCCURRED.

We consider first Brashier's contention that the infamous crime against nature charge should have been dismissed following the preliminary hearing for failure of proof of penetration.

At the preliminary hearing, the victim testified that on August 11, 1992, Brashier approached her in a restroom at a highway rest area. Brashier grabbed her hair, put a knife to her back and threatened to kill her if she did not remain quiet. He then took her across the parking lot and into a wooded area where he pushed her down and ordered her to remove her clothes. Brashier removed his shorts and attempted to push his penis into the victim's mouth. The victim resisted and tried to keep her mouth closed. She testified that Brashier pushed his penis "in my lips" and immediately ejaculated. After the victim convinced him that she would not contact the police, Brashier left the scene.

Upon this testimony, the magistrate found probable cause to believe that Brashier had committed infamous crime against nature, I.C. § 18–6605. Brashier filed a motion before the district court to dismiss this charge on the ground that the preliminary hearing

evidence did not support a finding of probable cause to believe that Brashier's penis had penetrated the victim's mouth. The district court denied the motion.

The inquiry to be addressed at a preliminary hearing is whether a public offense has been committed and there is probable or sufficient cause to believe that the defendant committed the offense. I.C.R. 5.1(b). A finding of probable cause must be based upon substantial evidence of every material element of the offense charged. I.C.R. 5.1(b); *State v. Munhall,* 118 Idaho 602, 606, 798 P.2d 61, 65 (Ct.App.1990); *State v. Greensweig,* 102 Idaho 794, 796, 641 P.2d 340, 342 (Ct.App.1982).

■ The term "infamous crime against nature" includes the act of fellatio. *State v. Izatt,* 96 Idaho 667, 669–70, 534 P.2d 1107, 1109–10 (1975); *State v. Carringer,* 95 Idaho 929, 930, 523 P.2d 532, 533 (1974); *State v. Larsen,* 81 Idaho 90, 96–7, 337 P.2d 1, 4 (1959), *cert. denied,* 361 U.S. 882, 80 S.Ct. 154, 4 L.Ed.2d 119 (1959); *State v. Altwatter,* 29 Idaho 107, 109–11, 157 P. 256, 256–57 (1916); *State v. Holden,* 126 Idaho 755, 757, 890 P.2d 341, 344 (Ct.App.1995). Although commission of this offense requires that there be penetration, I.C. § 18–6606 provides that "[a]ny sexual penetration, however slight, is sufficient to complete the crime against nature." Several times during the victim's testimony at the preliminary hearing she stated that Brashier had put his penis "in" her lips and "past" her lips. This testimony constitutes substantial evidence of penetration sufficient to satisfy this element as it is explained in I.C. § 18–6606. Therefore, the district court's denial of Brashier's motion to dismiss for failure of proof of penetration is affirmed.

## II.

### BRASHIER WAS NOT DENIED A SPEEDY TRIAL.

■ In August 1992, when the present offense was committed, Brashier was on parole for an attempted burglary conviction. For reasons unrelated to the instant offense, his parole was revoked in January 1993, and he was reincarcerated at the Idaho State Penitentiary. The Commission of Pardons and Parole (the Commission) set a new parole release date of May 12, 1993. In April 1993, the Gooding County sheriff wrote a letter to the Commission stating that Brashier was a suspect in the above-described sexual assault, that the sheriff's office was awaiting DNA testing to identify the perpetrator and that, in the sheriff's opinion, Brashier was not a good candidate for parole. The sheriff later contacted the Commission office and relayed that the victim had identified Brashier as her attacker and that "physical evidence consisting of a fingerprint" had been discovered. Due to the seriousness of the possible charges, the Commission elected to void the tentative parole date, and Brashier remained incarcerated.

Brashier was formally charged by complaint in the present case on November 16, 1993. On January 31, 1994, Brashier filed a motion to dismiss the charges on the ground that he had been denied his right to a speedy trial. He asserted that the sheriff's communications informing the Commission that Brashier was a suspect in the sexual assault prevented Brashier from being paroled on May 12, 1993, as scheduled. Brashier averred that because he would have been released on parole but for the sheriff's intervention, the district court should take into account the "delay" from May 12, 1993, in assessing whether Brashier's speedy trial rights were violated. The district court denied the motion, holding that Brashier's speedy trial rights were not implicated because the sheriff's actions did not amount to an arrest or detention for the sexual assault. On appeal, Brashier reasserts that the denial of parole constituted a deprivation of his liberty implicating his rights to speedy trial under the United States Constitution, the Idaho Constitution and I.C. § 19–106.

### A. Sixth Amendment

The Sixth Amendment to the United States Constitution guarantees that, "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . ." It is Brashier's contention that where parole on one offense has been denied because the defendant is a suspect in a second offense,

the "speediness" of the defendant's trial for the second offense must be measured from the date that parole otherwise would have occurred.

The parties have not cited, and we have not found, authority from any jurisdiction addressing the specific circumstance presented here. We find guidance, however, in the United States Supreme Court's decision in *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The defendants in that case were charged with consumer fraud allegedly committed during a period from March 15, 1964, until February 6, 1967. Although the defendants were the subject of a Federal Trade Commission order issued February 6, 1967, and a series of newspaper articles published in October 1967, they were not arrested or charged until an indictment was issued on April 19, 1970. The United States District Court dismissed the indictment for lack of speedy prosecution. The Supreme Court reversed, however, holding that "the Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an 'accused,' an event which occurred in this case only when the appellees were indicted on April 21, 1970." *Id.* at 313, 92 S.Ct. at 459. The Court stated, "[I]t is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." *Id.* at 320, 92 S.Ct. at 463. The court further observed that it is the statute of limitation that provides the primary guarantee against the government bringing overly stale criminal charges. *Id.* at 322, 92 S.Ct. at 464.

In the present case, Brashier was not arrested or charged until November 16, 1993. As of May 12, 1993, there was no complaint pending against him stemming from the sexual assault, and no arrest warrant had been issued or served. Therefore, applying the Supreme Court's holding in *Marion*, the Sixth Amendment speedy trial guarantee had no application during the period between May 12 and November 16.

■ We are unpersuaded by Brashier's assertion that his loss of the opportunity for parole was tantamount to an arrest for the instant offense. The Commission of Pardons and Parole possesses broad discretion to determine whether parole should be granted to an inmate. *Vittone v. State*, 114 Idaho 618, 620, 759 P.2d 909, 911 (Ct.App.1988). To aid in its decision making, the Commission is charged with securing pertinent available information about the prisoner, including the inmate's social history and criminal record, and the Commission may solicit information about the inmate from outside sources, including law enforcement authorities. I.C. § 20–224. Information that an inmate is a suspect in another, as yet uncharged, crime is relevant to the parole decision. A rule that a denial of parole following the Commission's receipt of such information will constitute an "arrest" for the uncharged offense would hamper the functions of both the Commission and law enforcement authorities. Law enforcement personnel would be forced into a choice between either withholding pertinent information from the Commission or treating the disclosure of such information to the Commission as an "arrest" that would begin the speedy trial period running, notwithstanding that the investigation may not yet be complete and prosecutorial authorities may not yet be prepared to bring formal charges. We do not believe such a result is either wise or mandated by the Sixth Amendment speedy trial guarantee. We hold, therefore, that the denial of parole to Brashier was not the equivalent of an arrest for the sexual offense that remained under investigation. His continued incarceration thereafter in the Idaho State Penitentiary was for the burglary conviction; it was not pretrial detention for the uncharged sex offense. It follows that Brashier's Sixth Amendment rights were not implicated until formal charges were filed on November 16, 1993.

We emphasize that neither the United States Supreme Court's decision in *Marion* nor ours here precludes a remedy for those whose defense has been prejudiced by the government's delay in bringing formal charges. The Court in *Marion* recognized that a violation of a defendant's right to due process may be demonstrated where the preindictment delay by the government prej-

udices the defense or where the government intentionally delays to gain some tactical advantage or to harass the defendant. *Marion,* 404 U.S. at 324–25, 92 S.Ct. at 465–66. *See also United States v. Lovasco,* 431 U.S. 783, 789–97, 97 S.Ct. 2044, 2048–52, 52 L.Ed.2d 752 (1977). Here, however, Brashier did not predicate his motion for dismissal on violation of the Due Process Clause, nor does he present evidence of any actual prejudice in the conduct of his defense or any intent by the State to gain some tactical advantage by waiting until November 1993 to file charges against him.

The district court's denial of Brashier's motion to dismiss for violation of his Sixth Amendment right to a speedy trial is affirmed.

## B. The Idaho Constitution

■ Brashier also asserts that the State's tardiness in pursuing charges against him contravened the Idaho Constitution. The right to a speedy trial is established in two separate sections[1] of our state constitution:

Art. I, § 13. In all criminal prosecutions, the party accused shall have the right to a speedy and public trial ...

Art. I, § 18. Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property or character, and right and justice shall be administered without sale, denial, delay, or prejudice.

■ Under the Idaho Constitution the right to a speedy criminal trial belongs to an "accused." *State v. Holtslander,* 102 Idaho 306, 309, 629 P.2d 702, 705 (1981). Consequently, our constitutional speedy trial guarantees do not apply to pre-accusation delays. *State v. Wilbanks,* 95 Idaho 346, 351, 509 P.2d 331, 336 (1973). The Idaho Supreme Court has held that "accusation" which triggers the Idaho speedy trial constitutional provisions occurs "either when formal

charges are filed or when the defendant is arrested, whichever occurs first." *Holtslander,* 102 Idaho at 310, 629 P.2d at 706. *See also State v. Stuart,* 110 Idaho 163, 173, 715 P.2d 833, 843 (1985), *overruled on other grounds, State v. Tribe,* 123 Idaho 721, 725 n. 4, 852 P.2d 87, 91 n. 4 (1993); *State v. Mason,* 111 Idaho 660, 664, 726 P.2d 772, 776 (Ct.App.1986). Thus, Brashier's speedy trial argument founded on the Idaho constitution fails for the same reasons that defeat his Sixth Amendment claim.

Brashier argues that a different result is mandated by the Idaho Supreme Court's decision in *Jacobson v. Winter,* 91 Idaho 11, 415 P.2d 297 (1966). In that case a criminal complaint charging Jacobson with felony issuing checks without funds was filed in Elmore County on March 6, 1964. County officials thereafter learned that Jacobson was incarcerated at the Idaho State Penitentiary, and on July 24, 1964, they forwarded a request to the penitentiary that Jacobson be held for Elmore County upon his discharge, a procedure known as a "hold" order. In February 1965, the district court entered an order authorizing the penitentiary to deliver Jacobson to the custody of the Elmore County sheriff and, upon his delivery to the sheriff pursuant to the order, Jacobson was arrested on February 24, 1965. On March 4, 1965, a preliminary hearing was conducted, after which Jacobson was bound over to the district court. While in the penitentiary, Jacobson had written two letters, one in September 1964, and the other in December 1964, to the Elmore County prosecuting attorney, requesting that he receive a speedy trial. In May 1965, Jacobson petitioned the district court for a writ of habeas corpus, alleging violation of his speedy trial rights. The district court found that in these circumstances Jacobson had been deprived of a speedy trial and ordered his discharge from custody. The Idaho Supreme Court affirmed that de-

---

**1.** Although Brashier cites only Article I, § 18 or the Idaho Constitution as the basis for his asserted speedy trial right, Article I, § 13 also sets forth a speedy trial right specific to criminal prosecutions. These sections have been considered separately by our Supreme Court as sources of a right to a speedy criminal trial, *e.g., State v. Davidson,* 78 Idaho 553, 563, 309 P.2d 211, 218 (1957) (Art. I, § 18); *Ellenwood v. Cramer,* 75 Idaho 338, 272 P.2d 702 (1954) (Art. I, § 13),

and have been considered together, *e.g., Jacobson v. Winter,* 91 Idaho 11, 12 n. 1, 415 P.2d 297, 298 n. 1 (1966). Although Section 13 is most often referenced in criminal cases, our research reveals no instance in which our appellate courts have interpreted these provisions to provide different speedy trial protections. In our view, with respect to criminal speedy trial rights, the two sections are equivalent, and any analysis specific to Section 13 applies equally to Section 18.

cision. The Supreme Court held that under our state constitution, the length of trial delay must be measured from the date the complaint was filed if the whereabouts of the accused is known to the prosecuting authorities, and when the accused's location is unknown, the time should be determined from the date the prosecuting authorities obtained knowledge of the accused's whereabouts. Because the prosecution offered no explanation for the delay between the filing of the complaint and Jacobson's arrest, the Court found that a speedy trial had been denied.

We find no support for Brashier's position in the *Jacobson* decision. Rather, *Jacobson* is consistent with our conclusion that any trial delay in Brashier's case must be measured from the date that the complaint was filed against him. Here, the complaint was filed on November 16, 1993, only two and one-half months before Brashier filed his motion to dismiss on speedy trial grounds. Therefore, the district court did not err in its determination that Brashier's speedy trial rights under the Idaho Constitution were not violated.

### C. I.C. § 19–106

Brashier also invokes I.C. § 19–106, which provides that the defendant in a criminal action is entitled to a speedy and public trial. It has been held that this statute simply restates the speedy trial protection granted by the Idaho Constitution, Art. I, § 13. *State v. Carter*, 103 Idaho 917, 921, 655 P.2d 434, 438 (1982). Therefore, this statute affords no safeguard additional to that provided by the Idaho Constitution.

### III.

### THE DISTRICT COURT ABUSED ITS DISCRETION IN IMPOSING SENTENCE BECAUSE IT INCORRECTLY ASSUMED THAT FIVE YEARS WAS THE MAXIMUM PERMISSIBLE SENTENCE.

■ The district court imposed a unified sentence of five years, with a two-year mini-

mum term of incarceration. The State argues on cross appeal that the district court abused its discretion in sentencing because the court was acting under a misapprehension that the maximum authorized sentence for the infamous crime against nature is five years. The State contends that Brashier should be resentenced, free from the taint of the district court's erroneous legal premise.

■ In his reply brief, Brashier argues that this Court should not address the State's argument because the State failed to raise the issue of abuse of discretion in sentencing before the district court. We cannot agree. The issue of an appropriate sentence for Brashier was obviously before the district court. Just as defendants may argue abuse of discretion in sentencing on a direct appeal from the sentence, the State may do so. We therefore must examine this issue presented on cross appeal.

■ Idaho Code § 18–6605 specifies that the infamous crime against nature "is punishable by imprisonment in the state prison not less than five years." The statute thus sets a minimum sentence for this offense,[2] but unlike most Idaho statutes that address sentencing for individual felonies, Section 18–6605 does not set a maximum sentence. The maximum sentence for the infamous crime against nature was first addressed by the Idaho Supreme Court in *In re Miller*, 23 Idaho 403, 129 P. 1075 (1913). In that case, the defendant asserted that because the infamous crime against nature statute (then codified as Section 6810, Rev.Stats. of 1887) did not set forth a maximum sentence, the maximum was that specified by Section 6312, Rev.Stats. (now I.C. § 18–112), which prescribed a five-year maximum sentence for felonies, "except in cases where a different punishment is prescribed by this Code." In a split decision, the Idaho Supreme Court held that Section 6312 was inapplicable, reasoning that the legislature

2. Although the minimum sentence mandated by I.C. § 18–6605 is five years, this does not require a minimum five-year term of actual confinement. The sentence may include a lesser minimum period of confinement together with an indetermi-

nate term, so that the determinate and indeterminate terms together total five years or more. *State v. Hayes*, 121 Idaho 232, 235–36, 824 P.2d 163, 166–67 (Ct.App.1992).

could not have intended the minimum and maximum sentence for this offense to be the same. The majority held that, in light of the legislature's failure to set a maximum penalty, the maximum sentence for the infamous crime against nature is left to the discretion of the sentencing court, except that the death penalty may not be imposed. *Id.* at 408, 129 P. at 1076. In *State v. Carringer*, 95 Idaho 929, 931, 523 P.2d 532, 534 (1974), the Supreme Court declined the opportunity to overrule *Miller*. *See also State v. Hayes*, 121 Idaho 232, 235, 824 P.2d 163, 166 (Ct. App.1992). Therefore, the maximum sentence for the infamous crime against nature is left to the discretion of the trial court, and may extend to life imprisonment.

In Brashier's case the record reveals that the district court did not understand that the infamous crime against nature carried a potential maximum sentence of life imprisonment. At various times throughout the proceedings against Brashier, the district court referred to I.C. § 18–6605 as setting the *maximum* punishment, although at other times the court correctly noted that the offense carried a five-year *minimum* term. At the sentencing hearing, the confusion continued, with the district court expressing a belief that the infamous crime against nature carried a lesser maximum sentence than the kidnapping and assault charges against Brashier that were dismissed pursuant to the plea bargain. After hearing argument from counsel in which the State requested a ten-year minimum period of confinement, the court stated:

> Now, the state argues for more severe consideration by the court, but I don't understand. Count II carries up till life in prison; and the state dismissed that. Count III carries 10 years in prison; the state dismissed that. Although *the harsher crimes are dismissed for the lesser*, the five years. So I take it the state's telling me in their silent way to consider leniency. That's the way I'm interpreting it, because I've heard nothing else. (Emphasis added.)

In actuality, the maximum prison sentence for first degree kidnapping charge is the same as that for the infamous crime against nature, life imprisonment, I.C. § 18–4504(1), and assault with intent to commit a serious felony carries a *lesser* maximum penalty, ten years' imprisonment. I.C. § 18–910. No minimum sentence is prescribed for either first degree kidnapping or assault with intent to commit a serious felony. It appears, therefore, that the district court misinterpreted the minimum sentence of five years required by I.C. § 18–6605 as a *maximum* sentence. At the very least, the court plainly was unaware that the infamous crime against nature carries a possible sentence of life imprisonment.

The sentence to be imposed for commission of a crime is within the discretion of the trial court. However, such discretion must be exercised consistent with any legal standards applicable to the discretionary decision. *State v. Aubert*, 119 Idaho 868, 869, 811 P.2d 44, 45 (Ct.App.1991). *See also O'Dell v. Basabe*, 119 Idaho 796, 813, 810 P.2d 1082, 1099 (1991); *Quick v. Crane*, 111 Idaho 759, 772, 727 P.2d 1187, 1200 (1986). When a trial court has unduly narrowed the scope of its discretion through a misapprehension of applicable law, the proper course is for the appellate court to remand the case so that the trial court can make the discretionary decision anew, in light of the proper legal standards governing the decision. *State v. Torres*, 107 Idaho 895, 898, 693 P.2d 1097, 1100 (Ct.App.1984); *Barnes v. Hinton*, 103 Idaho 619, 622, 651 P.2d 553, 556 (Ct. App.1982). *See also State v. Hayes*, 121 Idaho at 239, 824 P.2d at 170. Here, the district court acted under an erroneous belief that the maximum authorized sentence for the infamous crime against nature is five years, and thereby incorrectly limited the scope of its discretion. Consequently, this case must be remanded for a new sentencing. We imply no view, however, as to whether the length of Brashier's sentence should be changed.

## IV.

### THE DISTRICT COURT ERRED IN GRANTING CREDIT FOR TIME SERVED.

After Brashier was sentenced, he filed a motion to amend the judgment of

conviction with respect to credit for time served. Brashier contended that he should receive credit on the sentence for his incarceration in the state penitentiary from May 12, 1993 forward because his being a suspect in the present case caused Brashier to be denied parole. The district court granted the motion. On appeal, the State contends that the district court erred in giving Brashier this credit on his sentence. Because this issue will undoubtedly arise again when Brashier is resentenced, we will address the issue for guidance on remand.

■ Whether a sentencing court has properly applied the law governing credit for time served to the facts of a particular case is a question of law which we freely review. *State v. Horn,* 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct.App.1993); *State v. Dorr,* 120 Idaho 441, 443, 816 P.2d 998, 1000 (Ct.App. 1991).

A sentencing court is required to allow a defendant "credit for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered." I.C. § 18–309. In *State v. Hale,* 116 Idaho 763, 779 P.2d 438 (Ct.App.1989), this Court held that the defendant was not entitled to credit on a conviction in Bonner County for time served in another county jail on an unrelated charge even though this period of incarceration occurred after the defendant's bond had been revoked in Bonner County. This Court stated:

> An entitlement to credit under I.C. § 18–309 depends upon the answer to a simple inquiry: Was the defendant's incarceration upon the offense for which he was sentenced? If a particular period of confinement served prior to the imposition of sentence is not attributable to the charge or conduct for which a sentence is to be imposed, the offender is not entitled to credit. . . .

*Id.* 116 Idaho at 765, 779 P.2d at 440. *See also Horn,* 124 Idaho at 850, 865 P.2d at 177; *State v. Rodriguez,* 119 Idaho 895, 811 P.2d 505 (Ct.App.1991).

Here, Brashier's incarceration in the state penitentiary from May 12, 1993, forward was attributable to his previous conviction for attempted burglary. Brashier is not entitled to credit for incarceration that occurred before he was even charged with the present offense. Accordingly, such credit should not be allowed on resentencing.

## V.

## CONCLUSION.

The district court's denial of Brashier's motion to dismiss for failure of proof at the preliminary hearing of the penetration element of the offense is affirmed, as is the denial of his motion to dismiss for violation of speedy trial guarantees. Due to the district court's mistake of law as to the applicable maximum sentence, resentencing is necessary. This case is remanded for resentencing and recalculation of credit for time served.

WALTERS, C.J., and PERRY, J., concur.