949 P.2d 593

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Christopher HANSEN, Defendant–Appellant.**

No. 23741.

Court of Appeals of Idaho.

Dec. 4, 1997.

Marilyn Paul, Jerome, for defendant-appellant.

Alan G. Lance, Attorney General, Myrna A.I. Stahman, Deputy Attorney General, Boise, for plaintiff-respondent.

PERRY, Judge.

In this appeal, we are asked to determine whether the district court abused its discretion in sentencing Christopher Hansen and in partially granting Hansen's I.C.R. 35 motion for reduction of sentences. Hansen also alleges that he received ineffective assistance of counsel during the sentencing hearing. We affirm Hansen's judgment of conviction for infamous crime against nature. However, we vacate Hansen's sentence for infamous crime against nature and remand for a new sentencing. We affirm Hansen's judgment of conviction and sentence for burglary. We also affirm the order partially granting Hansen's Rule 35 motion.

## I.

### BACKGROUND

In July 1996, Hansen pled guilty to one count of infamous crime against nature, I.C. § 18–6605, and one count of burglary, I.C. § 18–1401. Pursuant to a plea agreement, the state dismissed a charge of lewd conduct with a minor and a second charge of burglary. On August 12, 1996, the district court entered a judgment of conviction and sentenced Hansen for infamous crime against nature to a unified nine-year period of incarceration with five years fixed. For burglary, the district court sentenced Hansen to a unified six-year period of incarceration, with two years fixed, to run consecutive to the term of incarceration imposed for infamous crime against nature. The district court also

ordered the sentences to run consecutive to a sentence imposed for a separate burglary conviction Hansen received in Twin Falls County. The district court suspended execution of Hansen's sentences for 180 days with the intention that Hansen be sent to participate in the rider program at the North Idaho Correctional Institution (NICI). However, due to another pending criminal case against Hansen in Bannock County, Hansen was never sent through the NICI program. Because of the delay and the possibility that the district court would lose jurisdiction before Hansen could be sent through NICI, Hansen filed a Rule 35 motion for reduction of his sentences. The district court partially granted the motion, ordering that the sentences imposed run concurrent with the sentence imposed for the burglary conviction in Twin Falls County. Subsequently, the Bannock County case was resolved, and Hansen was committed to the Idaho Department of Corrections.[1] Consequently, the district court in the present case relinquished jurisdiction and ordered execution of the sentences. Hansen appealed.

## II.

## DISCUSSION

■ Hansen asserts that the district court abused its discretion in imposing excessively harsh sentences. Because the district court later modified Hansen's sentences, pursuant to his Rule 35 motion, we will only review whether his modified sentences were an abuse of discretion. *See State v. McGonigal,* 122 Idaho 939, 940–41, 842 P.2d 275, 276–77 (1992). When a trial court's discretionary decision in a criminal case is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such

discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

At the sentencing hearing, defense counsel informed the district court that there was a mandatory minimum five-year term of incarceration for infamous crime against nature under I.C. § 18–6605.[2] The district court, apparently accepting defense counsel's interpretation of I.C. § 18–6605, proceeded to impose for infamous crime against nature "a nine-year unified sentence, comprised of the *mandatory minimum period of confinement of five years,* followed by an indeterminate period of custody of four years, not to exceed nine. [Emphasis added]." In the judgment of conviction and sentence, the district court stated that the imposed sentence for infamous crime against nature was "a unified sentence (I.C. § 19–2513) of 9 years; which is comprised of a *mandatory minimum period of confinement of 5 years,* followed by an indeterminate period of custody of 4 years. [Emphasis added]."

■ The preceding references indicate that the district court assumed that, under I.C. § 18–6605, there was a five-year mandatory minimum period of incarceration. Although five years is the minimum sentence under I.C. § 18–6605, the statute does not require a minimum period of actual confinement of five years. *State v. Brashier,* 127 Idaho 730, 736 n. 2, 905 P.2d 1039, 1045 n. 2 (Ct.App.1995); *State v. Hayes,* 121 Idaho 232, 235–36, 824 P.2d 163, 166–67 (Ct.App. 1992). Thus, a sentence imposed under I.C. § 18–6605 may include "a lesser minimum period of confinement together with an indeterminate term, so that the determinate and indeterminate terms together total five years or more." *Brashier,* 127 Idaho at 736 n. 2, 905 P.2d at 1045 n. 2. Accordingly, we con-

1. According to the court minutes on Hansen's Rule 35 hearing, defense counsel informed the district court that Hansen was found guilty by a jury of aggravated battery in the Bannock County case and received a unified term of incarceration of fifteen years with eight years fixed. Defense counsel also indicated that the sentence imposed in the Bannock County case was to run concur-

rent with the sentences imposed in the present case.

2. Idaho Code Section 18–6605 states: "Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than five years."

clude that the district court did not correctly recognize the scope of its discretion in sentencing Hansen for infamous crime against nature. As we stated in *Brashier*, 127 Idaho at 737, 905 P.2d at 1046, when a "trial court has unduly narrowed the scope of its discretion through a misapprehension of applicable law, the proper course is for the appellate court to remand the case so that the trial court can make the discretionary decision anew, in light of the proper legal standards governing the decision." Consequently, we remand Hansen's case for a new sentencing, but only on the charge of infamous crime against nature.

■ We next address whether the sentence imposed for burglary was an abuse of discretion. When reviewing a sentence imposed under the Uniform Sentencing Act, we treat the minimum period of incarceration as the probable duration of confinement. *State v. Hodge*, 124 Idaho 927, 866 P.2d 184 (Ct. App.1993). Thus, Hansen must establish that his two-year fixed term of incarceration for burglary was an abuse of the district court's discretion.

■ We first note that Hansen has failed to include in the record a transcript of the Rule 35 hearing. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct.App.1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct.App.1991). We will review the record provided to determine whether the district court abused its discretion in denying Hansen's Rule 35 motion. We will not, however, presume error where the record before us reveals none.

■ Hansen's appellate brief provides substantively no argument as to why the district court abused its discretion either in imposing the original sentence or in only partially granting Hansen's Rule 35 motion. A party waives an issue cited on appeal if

either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). We note, however, that including the current offenses, Hansen was sentenced on four felonies in three separate cases in three different counties within a relatively short time period. On review, we conclude that Hansen has failed to demonstrate that his sentence for burglary, as modified by his Rule 35 motion, is unreasonable or that the district court abused its discretion in only partially granting Hansen's Rule 35 motion.

■ Hansen finally claims that he received ineffective assistance of counsel during the sentencing hearing.[3] Hansen alleges that his counsel failed to call witnesses at the hearing, which had a negative impact on the sentences he received. Hansen's allegation is not supported with either argument or admissible evidence as to what the witnesses would have offered at the hearing or how the failure to call these witnesses had a negative impact on Hansen's sentencing. Hansen also asserts that counsel should have resolved the instant case with the Bannock County case. Counsel's decision to handle the cases separately was a tactical decision which we will not second-guess on appeal. *See Sanchez v. State*, 127 Idaho 709, 715, 905 P.2d 642, 648 (Ct.App.1995).

### III.

### CONCLUSION

We conclude that the district court misperceived the bounds of its discretion in sentencing Hansen for infamous crime against nature. Accordingly, we remand for a new sentencing on the charge of infamous crime against nature. We conclude that Hansen has failed to demonstrate that his sentence for burglary, as modified by his Rule 35 motion, is unreasonable or that the district court erred in only partially granting his Rule 35 motion. We also conclude that Hansen has failed to show that he received ineffective assistance of counsel at his sentencing hearing. Therefore, we affirm Hansen's

---

**3.** Although we have remanded for a new sentencing on the charge of infamous crime against nature, we will address Hansen's ineffective as-

sistance of counsel claim because we upheld the sentence imposed for burglary.

judgments of conviction for infamous crime against nature and burglary. We also affirm Hansen's sentence for burglary, as well as the district court's order partially granting Hansen's Rule 35 motion.

LANSING, C.J., and SCHWARTZMAN, J., concur.