IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36854

| MARK HENRY LAZINKA, | ) | 2011 Unpublished Opinion No. 324 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: January 18, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order denying application for post-conviction relief, affirmed.

Andrew Parnes, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent. Elizabeth A. Koeckeritz argued.

_____

WALTERS, Judge Pro Tem

Mark Henry Lazinka appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons stated below, we affirm.

## I.

## BACKGROUND

The factual background is set forth in *State v. Lazinka,* Docket No. 34884 (Ct. App. Jan. 8, 2009) (unpublished):

Lazinka was driving on a state highway with a blood alcohol content of .15, nearly twice the legal limit. When the driver of a Mustang, Cammon Hall, tried to pass him, Lazinka cut him off. Lazinka and Hall thereafter engaged in a race, sometimes speeding at approximately 100 miles per hour. At an intersection, Tony Perfect, driving a vehicle also occupied by his wife and their five-week-old daughter, attempted to make a left turn onto the highway where Lazinka and Hall were racing. Hall narrowly missed the Perfects' vehicle, but Lazinka hit them at a high rate of speed, killing all three members of the family.

1

The state charged Lazinka with three counts of vehicular manslaughter pursuant to I.C. § 18-4006(3). Lazinka pleaded guilty to all three counts. The district court imposed consecutive unified ten-year sentences with four years determinate on each sentence, making Lazinka's cumulative sentence a unified term of thirty years with twelve years determinate.

Lazinka filed a petition for post-conviction relief. He alleged that his trial counsel provided ineffective assistance of counsel at the sentencing hearing by failing to present mitigating evidence in the form of an accident reconstruction report prepared by a reconstruction expert that indicated Lazinka was not the sole cause of the accident and that Hall's actions were a significant contributing cause of the accident. Lazinka alleged that had his trial counsel presented the accident report to the district court, there was a reasonable possibility that the district court would have imposed a lesser sentence. Lazinka also alleged that he was denied effective assistance of counsel by his trial counsel's failure to file an appeal on his behalf. The state stipulated that Lazinka had been denied effective assistance of counsel for his trial counsel's failure to file an appeal, and agreed that Lazinka should be permitted to file a late appeal.

On appeal, Lazinka asserted that his sentence was excessive when compared to Hall's sentence. However, this Court affirmed Lazinka's judgment of conviction and sentence. *State v. Lazinka,* Docket No. 34884 (Ct. App. Jan. 8, 2009) (unpublished). After Lazinka's sentence was affirmed, the district court issued its notice of intent to dismiss the remaining claim of ineffective assistance of counsel at sentencing by stating that Lazinka had failed to raise any genuine issue of material fact that demonstrated his trial counsel's lack of preparation, ignorance of relevant law, or other objective failing. Ultimately, the district court summarily dismissed Lazinka's petition, stating that he failed to show that his trial counsel's performance was deficient, and that he failed to show any prejudice. Lazinka appeals.

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding that is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). As with a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-

4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). An application for post-conviction relief differs from a complaint in an ordinary civil action. An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123 136 (2008); *Goodwin v. State*, 138 Idaho 269, 272, 61 P.3d 626, 629 (Ct. App. 2002). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's

conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008); *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id.*

## III.

## DISCUSSION

Lazinka asserts that the district court erred in summarily dismissing his petition for post-conviction relief without granting an evidentiary hearing on his claim of ineffective assistance of counsel. Specifically, Lazinka asserts that the district court erred in concluding that his trial counsel did not perform deficiently. Lazinka further asserts that the district court erred in failing to provide notice that the petition would be dismissed on both the deficient performance and the prejudice prongs of the ineffective assistance of counsel test articulated in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient, and that the defendant was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687; *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different. *Id.* at 761, 760 P.2d at 1177. With regard to a defendant's claim of ineffective assistance of counsel during the sentencing hearing for counsel's failure to call witnesses, the defendant must support the allegation with "either argument or admissible evidence as to what

4

the witnesses would have offered at the hearing or how the failure to call these witnesses had a negative impact on [the defendant's] sentencing." *See State v. Hansen*, 130 Idaho 845, 848, 949 P.2d 593, 596 (Ct. App. 1997).

There is a strong presumption that counsel's performance was within the wide range of professional assistance as "sound trial strategy" in evaluating an ineffective assistance of counsel claim. *Campbell v. State*, 130 Idaho 546, 548, 944 P.2d 143, 145 (Ct. App. 1997). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Lazinka argues that he was entitled to an evidentiary hearing on his claim of ineffective assistance of counsel because there was no tactical reason for not calling an accident reconstruction expert as a witness at sentencing as it would have created a reasonable probability of a lesser sentence. The decision to call a witness falls within the category of trial counsel's strategic or tactical decisions and will generally not be second-guessed. *Rodgers v. State*, 129 Idaho 720, 724, 932 P.2d 348, 352 (1997). In order to demonstrate that his trial counsel's performance was deficient, Lazinka would have to establish that his trial counsel failed to make an informed strategic decision to forego the use of the witness. *See Milburn v. State*, 135 Idaho 701, 710-11, 23 P.3d 775, 784-85 (Ct. App. 2000) (holding that the district court's determination that the defendant received effective assistance of counsel was not in error because the decision to forego the use of certain witnesses was an informed and reasonable tactical decision).

The district court determined that based on the facts of this case and the fact that Lazinka's trial counsel "had the opportunity to assess the validity of [the Idaho State Police] accident reconstruction, this Court is not persuaded that would be an objective failing sufficient to meet the *Strickland* standard." We agree. Lazinka asserts that his trial counsel did not make a decision supported by a reasoned investigation into the facts and law which would support the decision to not introduce the evidence at the sentencing hearing. However, without establishing that his trial counsel's decision to not call an accident reconstruction expert as a witness was based on inadequate preparation, ignorance of relevant law, or other objective shortcomings, Lazinka is merely asking this Court to second-guess his trial counsel's strategy. Lazinka has failed to set forth any evidence to demonstrate that his trial counsel did not make an informed

5

strategic decision to forego the use of an accident reconstruction expert. *See State v. Lovelace*, 140 Idaho 53, 61, 90 P.3d 278, 286 (2003) (holding that no evidentiary value is given to mere conclusory allegations that are unsupported by admissible evidence). Therefore, Lazinka has failed to show that his trial counsel's performance was deficient.

Next, Lazinka asserts that because the district court failed to provide notice that it was dismissing his case based on the deficient performance prong and the prejudice prong of the test in *Strickland*, the case should be remanded to the district court to afford him an opportunity to address the prejudice prong. However, even assuming the district court failed to give adequate notice of its intent to dismiss Lazinka's petition based on the prejudice prong, the error was harmless because the district court correctly dismissed the petition based on Lazinka's failure to establish that his trial counsel's performance was deficient.

## IV.

## CONCLUSION

The district court did not err in summarily dismissing Lazinka's petition for post-conviction relief without granting an evidentiary hearing on his claim of ineffective assistance of counsel. Lazinka failed to show that his trial counsel's performance was deficient. Moreover, even if the district court failed to provide notice that it was dismissing his case based on both the deficient performance and the prejudice prongs of the test in *Strickland*, the error was harmless because Lazinka failed to establish deficient performance on the part of his trial counsel. Accordingly, we affirm the order denying Lazinka's application for post-conviction relief.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

6